## ROBERTS vs. THE STATE.

1. An indictment is defective which does not state *the time* when the offence was committed, and a demurrer to it on that ground should be sustained.

ERROR to the Circuit Court of Marion. Tried before the Hon. Sam'l Chapman.

THE defendant below was indicted for resisting process.

ATTORNEY GENERAL, for the State, admitted that the demurrer to the indictment ought to have been sustained.

COLEMAN, J.—The indictment in this case is defective in not stating any time at which the offence was committed by the defendant.

In The State v. Beckwith, 1 Stew. 318, it was held to be material in an indictment to lay a day when the offence was committed, and if the date be laid in blank, so that it does not appear whether the offence was barred by limitation or not, the judgment will be arrested. The principle here settled seems to have been questioned, in the case of the State v. Lassley, 7 Por. 526, but we think the decision correct. It is held by all the elementary writers on Criminal Pleading, that time and place must be added to every material fact in an indictment.—Arch. Crim. Pl. 46, and the cases there cited.

The court erred in overruling the demurrer to the indictment, and the judgment must be reversed.