## HATWOOD *v.* THE STATE.

In a prosecution against a negro or mulatto for coming into and settling in the State, it should be averred in the information and proven that the unlawful coming into, &c., took place within a period not barred by the statute of limitations.

The statute of limitations may be taken advantage of under the plea of not guilty, in criminal cases.

The statute prohibiting the ingress of negroes and mulattoes into the State is constitutional, and its title sufficient to embrace the provisions of the act.

APPEAL from the *Daviess* Common Pleas.

PERKINS, J.—*Mabon Hatwood*, a mulatto, was prosecuted, in 1861, for coming into and settling in this State.   1 G. & H. 443.

On the trial he offered in evidence the record of a former conviction for the same offence, but it was rejected.

The record showed that afterwards the Court arrested the judgment and discharged the defendant.   It is held in some of the States that where a trial has been had and the defendant convicted upon a bad information or indictment, and the Court, on that account, arrests the judgment, the defendant has not been in jeopardy, and may be again tried for the same

offence. In others, the rule is the other way. See the cases cited in 2 Phil. Ev. ed. by Cow. & Hill, p. 111 *et seq.*, in notes.

It is not necessary for us to decide the point here; for it appeared on the trial that the act of coming into and settling in the State, involved in the case at bar, occurred some six years or more prior to the prosecution, and there was no averment in the information, nor was there any proof on the trial, that the act had been concealed, &c., whereby its prosecution might be taken out of the statute. See 2 G. & H. p. 393.

The statute of limitations may be taken advantage of in criminal cases, under the plea of not guilty; though in civil it must be specially pleaded.

We think the statute prohibiting the ingress of negroes constitutional, and all its provisions properly placed under its title; but it seems to be defective in failing to provide for the removal of them upon conviction; and, also, in making the offence a continuing one, so that they may be punished for continuing their settlement in the State after having been convicted of making it.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded to be dismissed.

*J. W. Burton*, for the appellant.