## JOHN COCHLIN

### *v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. BILL OF EXCEPTIONS—*when necessary—presumption where motion is not preserved.* Where a motion for a new trial is not preserved in a bill of exceptions, it will be presumed that it was properly overruled.

2. Where the evidence upon which a defendant is found guilty of a crime is not preserved in the record by bill of exceptions, this court, on writ of error, will presume it was conclusive of his guilt, and contained nothing of a palliating character.

3. NEW TRIAL—*in criminal cases.* Where the court has some doubt as to the guilt of the accused, but not enough to authorize it to grant a new trial for that reason alone, any misconduct of the jury pending the trial should demand a more prompt interposition on the part of the court than in a case where there is no question as to his guilt; and where the punishment is light, or not disproportionate to the character of the offence and its enormity, the court is not under the same obligation to set aside the verdict for improper conduct in the jury in reaching an agreement, as where, under like circumstances, the punishment fixed is all the law will allow.

4. SAME—*in criminal case, motion should be made in apt time.* An application for a new trial in a criminal case should be made at the first opportunity.

Where there is an unreasonable delay, the cause of the delay should be distinctly stated in the affidavit or affidavits upon which the application is founded.

5. SAME—*verdict, the result of chance.* Where, under any circumstances, it is clear or probable that a verdict is the result of chance, and not the result of the judgment of the jurors, and application is made to the court in due season, it should be set aside, and a new trial granted.

6. Where, in a criminal case, all the jurors concur in opinion as to the guilt of the accused, which is apparent, but differ as to the length of time he should be sentenced, and agree that each will state the time he thinks proper, and that the aggregate of these sums, divided by twelve, shall be the verdict, after which some dissent, and the odd months are struck off, and all then agree as to the time thus fixed, understandingly, and there is great delay in making a motion for a new trial, the motion is properly overruled.

WRIT OF ERROR to the Circuit Court of Stephenson county; the Hon. JOSEPH M. BAILEY, Judge, presiding.

Mr. LEONARD STOSKOPF, for the plaintiff in error:

Judgments have been reversed in criminal cases on the ground of the admission of improper evidence, where, in a civil case, the same would have been sustained. *Peck* v. *State,* 2 Humph. 78; *People* v. *Williams,* 18 Cal. 187.

New trials have been awarded in many civil cases where the jurors adopted the method employed in this case in fixing the amount of damages. Where the liberty of a citizen is at stake, the courts should be more liberal in granting new trials than where a mere matter of dollars and cents is involved. Citing *Dunn et al.* v. *Hall,* 8 Blackf. 32; *Dow* v. *Fenno,* 12 Pick. 527; *Illinois Central Railroad Co.* v. *Able,* 59 Ill. 131; *Crabtree* v. *State,* 3 Sneed, 302; *Thompson's case,* 8 Gratt. 638.

Mr. JAMES S. COCHRAN, State's Attorney, for the People.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

Plaintiff in error and one John Shelly were jointly indicted, at the September term, 1878, of the Stephenson county circuit court, for stealing from the ·person of William Bell a watch and a large amount of money. On arraignment, Shelly

entered a plea of guilty, and was sentenced to the penitentiary for four years. Plaintiff in error, upon being arraigned, entered a plea of not guilty, and the cause was tried by a jury, who found him guilty, and fixed the time of his confinement in the penitentiary at five years. A motion for a new trial was made by his counsel, and overruled by the court, and he was duly sentenced to the penitentiary, in accordance with the verdict, for five years.

This motion for a new trial is not preserved in the bill of exceptions, and we must therefore presume the circuit court properly overruled it.

The accused, as appears from the record, was sentenced on the 11th of September, and on the 24th of the same month his counsel entered a motion to vacate the sentence and grant a new trial. The motion was based on an affidavit of the bailiff who had charge of the jury who tried the case, setting forth, in substance, that when the jury retired to consider of their verdict, and agreed on finding the defendant guilty, the members of the jury differed widely as to the period of his confinement in the penitentiary, ranging from one to ten years; that they finally agreed that each juror should privately write upon a ballot the length of time he thought the accused should be confined in the penitentiary, and that these several periods as shown by the ballots should be added together and the aggregate divided by twelve, and that the result thus obtained should be adopted as their verdict; that upon taking the vote in this manner, and aggregating the number of years, it gave a total of sixty-three or sixty-five years, which being divided by twelve gave a period of five years and three or five months; that upon the result being thus ascertained, those of the jurors who were in favor of the shorter term of punishment expressed themselves dissatisfied, and proposed to ballot again. To this proposition the others dissented, but proposed that they would throw off the odd months over five years, and this proposition was finally agreed to, and a verdict rendered accordingly.

The court, upon this state of facts, refused to set aside the

conviction and grant a new trial, and the only question presented by the record is, whether the court erred in doing so.

Every case of this character must depend to some extent upon its own circumstances. Where in the mind of the court there is some question as to the guilt of the accused, but not enough to authorize it to interfere for that reason alone, any misconduct of the jury, pending the trial, should demand a more prompt interposition on the part of the court than in a case where there is no question as to his guilt. Again, where the guilt of the accused is manifest, and the punishment fixed by the verdict is not unusual, or at all disproportionate to the character of the offence and its enormity, as shown by the proofs, the court would not be under the same obligation to set it aside on account of improper methods having been used by the jury for the purpose of reaching an agreement, as in a case where, under like circumstances, the punishment was manifestly all the law would permit under the circumstances proven. Where, under any circumstances, it is clear or probable that a verdict is the result of mere chance, and not the exercise of the judgments of the jurors, and application is made to the court in due season, it should be set aside. This is the general rule. But where an irregularity has occurred of the kind shown in this case, and there is no question as to the guilt of the accused, and the punishment is not at all unusual or excessive, and there has been great delay in making the application to have the verdict set aside, as was the case here, and it is clear that the verdict was not altogether the result of chance, as is shown here, it will not be error in the court to refuse to set aside the verdict.

Section 3322 of the 7th edition of Wharton's Criminal Law is exactly in point on this question. It is as follows : "And so where the jury concurred in opinion as to the guilt of the prisoner, but differed as to the length of time for which he should be sentenced to the penitentiary, and they agreed that each should state the time for which he would send him to the penitentiary, and that the aggregate of these periods di-

vided by twelve should be the verdict, and after it was done they struck off the odd months, and all agreed to the verdict understanding what it was:—it was held this was not misbehavior in the jury for which the verdict would be set aside." Citing *Thompson's case*, 8 Grattan, 638.

The charge against the accused in this case was of a very grave character. His co-defendant did not deem it best or prudent to submit his case to a jury, but threw himself upon the clemency of the court, and was sentenced to the penitentiary for four years.

We are unable to say what the evidence against the defendant in error was, for the reason he has not preserved it in the record. But we are justified in assuming that it was conclusive of his guilt, and contained nothing of a palliating character; otherwise his counsel would have taken advantage of it by preserving it in the bill of exceptions.

For the purposes of passing upon this question we must therefore start out with the crime confessed upon the record, without a single circumstance to mitigate its enormity. While the conduct of the jury was highly reprehensible, and a flagrant violation of the duty which they owed to the prisoner, the people, and themselves, yet it is evident that the verdict finally reached was not the product of the previous agreement into which the jury had entered. The affidavit of the officer shows that this result, when announced, was repudiated by some of the jurors, and that afterwards there was some deliberation between the members of the jury, and some concessions made with respect to their verdict. Nor was the exact result thus obtained ever accepted or returned by the jury as their verdict.

To have carried out the agreement as made would have added from three to five months to the term of his confinement in the penitentiary. The fact that some of the jurors differed widely in the first instance as to the *quantum* of punishment is one to which little weight can be attached. This is a common occurrence. Nor is the fact that this difference

of opinion was finally harmonized to be urged against the verdict. To do so would render the whole jury system utterly impracticable. Without some deference to each other's judgments, some compromise of opinion, some yielding of personal inclinations to the general judgment, juries would scarcely ever agree upon matters of mere opinion.

Under the facts in this case we are unable to say that the verdict finally returned by the jury was not the result of their deliberate convictions at the time it was returned.

It is also urged by counsel that the punishment is excessive. We do not think so. Assuming the facts charged in the indictment to have been proved, and that is not questioned, we can hardly conceive of a more flagrant larceny, and the jury might have doubled the time of his confinement in the penitentiary and the court could not have .properly, for that reason, disturbed the verdict.

Testing the case before us by this rule, it is evident that the court below committed no error in refusing to set aside the judgment and grant a new trial, and the judgment of that court must therefore be affirmed.

*Judgment affirmed.*