JOHN W. LAMKIN *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. INDICTMENT—*bad when it shows the offence to be barred.* An indictment for a misdemeanor showing on its face that the offence was committed more than eighteen months before the finding of the same, without bringing the case within any of the exceptions under which an indictment may be re-turned after the expiration of that time, is bad, and should be quashed on motion of the defendant.

2. CRIMINAL LAW—*what is a felony and what a misdemeanor.* A felony, under our statute, is an offence punishable with death, or by imprisonment in the penitentiary, while every other offence is a misdemeanor. When the offence may be punished by imprisonment in the penitentiary, or by fine only, in the discretion of the court or jury, it is only a misdemeanor, and the eighteen months' limitation applies to it.

3. SAME—*limitation construed liberally.* The statute of limitations as to the prosecution for crime is not one of process, to be scantily and grudgingly applied, but it is an amnesty, declaring that after a certain time oblivion shall be cast over the offence. Hence, such statutes are to be liberally con-strued in favor of defendants.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. WILLIAM E. NELSON, Judge, presiding.

Mr. E. L. SWEET, for the plaintiffs in error:

The court erred in not quashing the indictment. It should appear on the face of the indictment that the object of the

conspiracy or the means to be employed, is criminal, and an allegation that the purpose "is to cheat and defraud," without more, does not necessarily imply a criminal object. *State* v. *Jones*, 13 Ia. 269; *State* v. *Roberts*, 34 Me. 320; *State* v. *Parker*, 43 N. H. 83; *Lambert* v. *The People*, 9 Cow. 578; *March* v. *The People*, 7 Barb. 331.

It is not necessarily a punishable crime to cheat and defraud one of his money, goods or estate, or wrongfully and wickedly to obtain his money and other property designedly and with intent to defraud. Therefore, an indictment charging a *conspiracy* with such intents, and specifying no criminal means designed to be used to effect such intent, is insufficient. *Commonwealth* v. *Hunt*, 4 Metc. 111; *State* v. *Roberts*, 34 Me. 320; *State* v. *Mayberry*, 48 id. 218; *Commonwealth* v. *Shedd*, 7 Cush. 514; *Alderman* v. *The People*, 4 Mich. 414.

Qualifying epithets, such as "unlawful, deceitful," etc., are not sufficient, unless the facts averred show the offence. *Commonwealth* v. *Hunt*, 4 Metc. 111.

The prosecution is barred by the Statute of Limitations. Under the 46th section of the Criminal Code of 1874 the penalty for a violation of said section is imprisonment in the penitentiary *or* a fine.

A felony is an offence punishable with death or by imprisonment in the penitentiary. Rev. Stat. 1877, 390, sec. 277; and every other offence is a misdemeanor. Ibid. sec. 278.

Mr. JAS. K. EDSALL, Attorney General, for the People.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

On the 22d day of March, 1879, the grand jury of Champaign county returned into the circuit court of that county, then in session, an indictment, containing eight counts, against the plaintiffs in error. In each count, but in different phraseology, plaintiffs in error were charged with conspiring, combining, confederating and agreeing together on the 7th day

of July, in the year of our Lord one thousand eight hundred and seventy-seven, to cheat and defraud Lewis C. Burnett, Sarah E. Burnett and Thomas McCulloch of their goods, chattels and property, etc.

In neither count is there any averment that plaintiffs in error were not "usually and publicly resident within this State" since the commission of the alleged offence, nor that they were previously indicted for the same offence, and that such indictment has been quashed or the proceedings thereupon set aside or annulled. Motion was made to quash the indictment, which was overruled by the court. Plaintiffs in error were thereupon placed upon trial, upon which the jury returned a verdict finding each of them guilty as charged in the eighth count of the indictment, assessing the fine of the plaintiff in error Lamkin, at $200, and that of plaintiff in error Lacy at $50. Motions for new trial and in arrest of judgment were made by plaintiffs in error and overruled by the court, and the court then gave judgment upon the verdict of the jury.

We held in *Garrison* v. *The People,* 87 Ill. 96, that a count in an indictment found in September, 1876, charging a larceny to have been committed in January, 1866, without showing that the accused had at any time been a "person fleeing from justice," in the language of the statute of limitation, then in force, was clearly bad, as showing on its face that the offence was barred. See, also, 1 Wharton's Crim. Law (7th ed.), 446, and authorities referred to in note.

The statute of 1874 provides—Division IV of the Criminal Code, p. 398, sec. 315: "§ 3. All indictments for other felonies" (than murder, manslaughter, arson and forgery) "must be found within three years next after the commission of the crime, except as otherwise provided by law."

316. "§ 4. All prosecutions by indictment or otherwise for misdemeanors, or for any fine or forfeiture under any penal statute, shall be commenced within one year and six months from the time of committing the offence or incurring the fine or forfeiture, except as otherwise provided by law."

317. "§ 5. No period during which the party charged was not usually and publicly resident within this State shall be included in the time of limitation."

318. "§ 6. When an indictment, information or suit is quashed, or the proceedings on the same are set aside or reversed on writ of error, the time during the pendency of such indictment, information or suit so quashed, set aside or reversed shall not be reckoned within the time limited by this act so as to bar any new indictment, information or suit for the same offence."

The latter two sections containing the only exceptions "provided by law" to the period of limitation fixed by the statute, it only remains to inquire whether the offence of which plaintiffs in error were indicted and convicted is a felony or misdemeanor under our statute.

The statute says: "A felony is an offence punishable with death or by imprisonment in the penitentiary.

"Every other offence is a misdemeanor." Rev. Stat. 1874, p. 394, 277 § 5, 278 § 6.

It will be noted, "a felony is an offence punishable,"—that is, absolutely punishable, not that *may or may not be* "punishable with death or by imprisonment in the penitentiary," while the offence of which plaintiffs in error are indicted and convicted here shall be punishable by imprisonment in the penitentiary *or by fine.* Surely it is no more accurate, in view of this language, to say this offence is punishable by imprisonment in the penitentiary than to say it is punishable by fine, and it is impossible to say, under any rule of construction, that we are bound to lay more stress on the language fixing the punishment by confinement in the penitentiary than on that fixing the punishment by fine. On the contrary, the rule of construction applicable here is, unless it clearly appears this offence was intended to be denominated a felony, it shall be denominated a misdemeanor, Wharton, in the first volume of his work on Criminal Law (7th ed.), sec. 444 a, says, in speaking of the construction of statutes of limita-

tion: "Here, the State is the grantor, surrendering by act of grace its right to prosecute, and declaring the offence to be no longer the subject of prosecution. The statute is not a statute of process, to be scantily and grudgingly applied, but an amnesty, declaring that after a certain time oblivion shall be cast over the offence; that the offender shall be at liberty to return to his country and resume his immunities as a citizen, and that from henceforth he may cease to preserve the proofs of his innocence, for the proofs of his guilt are blotted out. Hence it is that statutes of limitation are to be liberally construed in favor of the defendant, not only because such liberality of construction belongs to all acts of amnesty and grace, but because the very existence of the statute is a recognition and notification by the legislature of the fact that time, while it gradually wears out proofs of innocence, has assigned to it fixed and positive periods in which it destroys proofs of guilt."

It appearing, then, this offence is a misdemeanor, and the face of the indictment disclosing that the offence was committed more than eighteen months before the finding of the indictment without bringing the case within either of the exceptions under which an indictment may be returned after the expiration of that time, the motion to quash should have been sustained, and the court erred in overruling it. For that error the judgment is reversed and the cause remanded.

*Judgment reversed.*