WILLIAM CHURCH

v.

THE PEOPLE, etc.

1. INDICTMENT—OFFENSE BARRED BY STATUTE.—An indictment for a misdemeanor, showing on its face that the offense was committed more than eighteen months before the finding of the same, and which does not contain allegations bringing the case within the exceptions under which an indictment may be returned after the expiration of that time, is bad, and should be quashed.

2. INDICTMENT FOR GREATER OFFENSE THAN MISDEMEANOR—STATUTE LIMITATIONS.—The defendant was convicted of petit larceny, upon an indictment for grand larceny, found more than eighteen months after commission of the crime, and which did not allege that during said time the defendant was out of the State, etc. *Held*, that the offense was barred; that the pleader could not, by alleging a greater offense, evade the bar of the statute.

ERROR to the Circuit Court of Fulton county; Hon. J. H. WILLIAMS, Judge, presiding. Opinion filed January 17, 1882.

Mr. J. W. KANTZ and Messrs. McKENZIE & CALKINS, for plaintiff in error; that a person can properly be convicted of

Church v. The People.

a lesser offense, only where every necessary allegation for the proper charging of the lesser offense is contained in the indictment, cited Carpenter v. The People, 4 Scam. 197; Beckwith v. The People, 26 Ill. 500; Prindeville v. The People, 42 Ill. 217; Reynolds v. The People, 83 Ill. 479.

The statutory exceptions, if any, should have been alleged, else the indictment is bad for petit larceny: Garrison v. The People, 87 Ill. 96; Lamkin v. The People, 94 Ill. 501.

All legal proceedings under the indictment being at an end, this court should order the discharge of plaintiff in error: Housh v. The People. 75 Ill. 487.

Davis, J. Plaintiff in error was indicted for grand larceny at the March term, 1881, of the Fulton county Circuit Court.

The indictment was returned into open court, and filed May 6th, 1881. It contained two counts, each charging the property stolen to have been of the value of thirty dollars, and each charging the larceny to have been committed on the 5th day of August, 1879; one year and nine months before the finding of the indictment.

It was shown on the trial before the jury that the property was stolen on the 5th day of August 1879, and that in a week or two thereafter the defendant left this State, and went to Kansas, and from there to Nebraska, where he remained until he returned to this State in August or September, 1880.

The jury found the defendant guilty, and fixed the value of the property stolen at fourteen dollars and forty-five cents.

A motion for a new trial was made by the defendant and overruled by the court, and judgment rendered that defendant be confined in the county jail for the period of thirty days, and pay a fine of one hundred dollars and the costs of prosecution.

The question presented by the record, is whether, under an indictment for grand larceny, charging the larceny to have been committed one year and nine months before the finding of the indictment, the defendant can be legally convicted of petit larceny and imprisoned for the offense, when it is shown by the testimony that he has been continuously absent from

the State for about twelve months of the twenty-one months which intervened between the commission of the offense and the finding of the indictment, when the indictment contains no averment of such absence.

Section 316 of our Criminal Code provides, that " all prosecutions by indictment, or otherwise for misdemeanors (and petit larceny is a misdemeanor), or for any fine or forfeiture under any penal statute, shall be commenced within one year and six months from the time of committing the offense or incurring the fine or forfeiture, except as otherwise provided by law." And section 317 provides, "no period during which the party charged, was not usually and publicly resident within this State, shall be included within the time of limitation."

In Garrison v. The People, etc. 87 Ill. 96, it was held that " a count in an indictment, found in September 1876, charging a larceny to have been committed in January, 1866, without showing that the accused had at any time been a person fleeing from justice, is clearly bad, as showing on its face that the offense was barred."

And in Lamkin v. The People, etc., 94 Ill. 501, it was also held, that " an indictment for a misdemeanor showing on its face, that the offense was committed more than eighteen months before the finding of the same, without bringing the case within any of the exceptions under which an indictment may be returned after the expiration of that time, is bad, and should be quashed on motion of the defendant."

Had the indictment under which the plaintiff in error was convicted averred the value of the property stolen to be $14.45, as subsequently found by the verdict of the jury, it would have been clearly bad as showing on its face that the offense was a misdemeanor, and was barred by the statute of limitations, and this defense could have been successfully made by the plaintiff on a motion to quash. But such defense could not have been made as the indictment was framed, because it charged a grand larceny which was not barred. The mere act of the pleader in charging the offense committed to be a felony, when in fact it was but a misdemeanor, can not deprive the accused of any defense which he possessed to the

Church v. The People.

offense actually committed, nor can it confer any greater right upon the prosecution than it would have possessed, had the offense been properly charged as a misdemeanor.

The principle settled by the cases cited above, seems to be that, where the prosecution relies upon facts to bring the case within the exceptions of the statute, so as to take the case out of the statute of limitations, those facts must be averred in the indictment, otherwise the offense will be absolutely barred.

The court below therefore erred in refusing to give the following instruction to the jury, as requested by the accused: "The jury are instructed that even if they should believe from the evidence beyond a reasonable doubt, that the defendant did steal eight sacks of wheat belonging to the prosecuting witness, William Brown, and did take the same to Havanna and sell the same, and that the actual market value of the same at Havanna, was $14.90, and that the value of said wheat at the place where it was stolen was less than, or not exceeding, fifteen dollars, then such stealing would be petit larceny, and against the prosecution of such larceny, the statute of limitations runs in eighteen months, and if committed more' than eighteen months prior to the finding of the indictment in this cause, then the jury will find the defendant not guilty. The prosecution have not alleged in the indictment any of the statutory causes preventing the running of the statute of limitations, and therefore can not rely upon any such; and if in this case the defendant committed larceny of property worth not more than fifteen dollars where stolen, then unless such larceny was committed within eighteen months of the finding of the indictment therein, they must at all events find defendant not guilty." .

For refusing to give the foregoing instruction, the judgment of the court below must be reversed, and the plaintiff in error discharged.

Judgment reversed.