[No. 3905.]
PACKER v. THE PEOPLE.

1. APPELLATE PRACTICE—BILLS OF EXCEPTIONS.
A bill of exceptions is necessary to bring up for review errors based upon any of the following assignments of errors: (1) that without defendant's consent his trial was delayed beyond the second term of court after he was committed to jail on the charge; (2) that the court erred in giving and refusing instruction; (3) that the court erred in consolidating several indictments for trial in one action and before one jury.

2. SAME—EVIDENCE.
On appeal from a conviction of crime where the evidence is not preserved in the record it will be presumed that it was sufficient to establish the guilt of the defendant.

3. PRACTICE IN CRIMINAL CASES —PRESUMPTIONS.
Where a defendant was arrested under an indictment, and other indictments for like crimes were returned against defendant, but no capiases were issued upon the later indictments, and he was not arraigned and did not plead to any of the later indictments until after a conviction upon the first indictment had been reversed in supreme court, when upon second trial all the indictments were consolidated, in the absence of any contrary showing in the record it will be presumed that the commitment and detention of defendant was alone upon the first indictment.

4. SAME.

Where the record does not show the evidence and proceedings had upon an application for discharge of a defendant on the ground that his trial had been delayed beyond the second term of court after his commitment, it will be presumed that the showing was sufficient to sustain the ruling of the court denying such application.   It may be presumed that the delay was upon application of the defendant.

5. APPELLATE PRACTICE IN CRIMINAL CASES—INSTRUCTIONS.

In order to review rulings of a trial court in giving and refusing instructions, in criminal cases, the instructions themselves and the exceptions saved must be embodied in a bill of exceptions, and in the absence of a bill embodying all the instructions given, an alleged error in refusing to give any particular instruction will not be considered.

6. PRACTICE IN CRIMINAL CASES—CONSOLIDATION OF INDICTMENTS.

Section 1452, Mills' Ann. Stats., authorizes the consolidation of separate indictments for trial under certain circumstances, and on appeal, in the absence of a bill of exceptions containing the showing made by the respective parties on the motion to consolidate, and in the absence of the evidence produced at the trial, it will be presumed that the offenses charged were of that class that might be consolidated, and that the trial court was justified in his ruling consolidating them.

7. PRACTICE IN CRIMINAL CASES—INDICTMENTS—LIMITATION.

Under section 1481, Mills' Ann. Stats., providing that no prosecution shall be had for any felony except murder, arson and forgery, unless the indictment shall be found within three years after the offense is committed, and providing certain exceptions wherein the statute does not apply, where an indictment shows on its face that an offense was committed more than three years before the filing of the same, it is not necessary to allege one of the exceptions that relieves it from the statute; the statute of limitations is a matter of defense and must be specially pleaded or raised by evidence under the plea of not guilty and cannot be raised by demurrer or motion to quash.

8. SAME—APPELLATE PRACTICE.

On appeal from a conviction of a felony where the indictment on its face shows the offense was committed more than three years before filing the indictment and the evidence is not preserved, it will be presumed that there was a showing that brought the case within one of the exceptions to the statute of limitations.

*Error to the District Court of Gunnison County.*

THIS is the fifth time this case, in some form, has been here.   In the district court of Hinsdale county, at the April

term, 1883, five separate indictments were returned against Alfred Packer charging him respectively with the murder of Israel Swan, Shannon Wilson Bell, Frank Miller, George Noon and James Humphrey.   The Swan indictment was filed April 6, the other four on April 7, 1883, and on April 6, a capias was issued in the *Swan* case for the arrest of the defendant, and on that day he was arrested thereunder and brought into court, arraigned and pleaded not guilty, and his trial was begun three days later.

On April 13 the jury returned a verdict of guilty of murder in the first degree, and on the same day the court sentenced the defendant to be hanged on May 19.   To this judgment a writ of error was sued out of this court, and thereafter such proceedings therein were had that the sentence was set aside and the cause reversed upon the ground that the sections of the criminal code prescribing the punishment for murder were repealed by the legislature without a saving clause after the crime was committed and before the conviction was had. See *Packer v. The People*, 8 Colo. 361.

The case was remanded for a new trial for the crime of manslaughter included in the specific crime of murder charged in the indictment.   Thereafter an application in the five cases was made by the defendant for a change of venue from Hinsdale county, and the causes were sent for trial to the district court of Gunnison county.   After this the prisoner filed a motion in each case, supported by affidavit, for his discharge upon the ground that more than two terms of court had elapsed without his having been placed upon trial.   The several motions were denied on July 21, 1886.   Two days thereafter the defendant filed a petition for his discharge on *habeas corpus* on the same ground, which was denied.   On July 31 of the same year the defendant filed a motion in each of the five cases for a discharge on the ground that the statute of limitations had run against the offense of manslaughter on which he was held, and they were denied.   On the same day the prisoner was arraigned and pleaded not guilty in the four cases in which he was respectively charged with the kill-

ing of Bell, Miller, Noon and Humphrey; and thereupon, on motion of the district attorney against the objection of the defendant, the five causes were consolidated for trial. On August 2, 1886, the trial began under the five indictments, and two days thereafter a verdict of guilty of voluntary manslaughter was returned under each indictment. On August 5, the court sentenced the defendant to confinement in the state penitentiary for a continuous term of forty years, divided into five terms of eight years each.

In addition to the foregoing, the record shows that on December 4, 1885, the defendant filed in this court his petition asking for a writ of *habeas corpus* and for his discharge thereunder upon the ground that more than two terms of court had passed by after his commitment without trial, and this petition was denied on the following day.

On December 9, 1886, the defendant lodged in this court his appeal from the decision of the district court of Gunnison county of July 23, 1886, denying his application for his discharge on the writ of *habeas corpus*, and this appeal was afterwards, and on January 4, 1889, dismissed by the court for failure to prosecute.

After the expiration of the eight years, sentence under the first of the indictments, deducting the time for good behavior, the defendant, on March 8, 1893, filed in this court his petition for a writ of *habeas corpus*, asking his discharge upon the ground that the district court did not have the right to inflict successive penalties, and to make them commence *in futuro*. The petition was denied June 19, 1893, and the opinion is reported in *In re Packer*, 18 Colo. 525. The present writ of error was filed June 15, 1898. Such additional facts as are necessary will be found in the opinion.

Mr. JOHN R. SMITH, Mr. BEN B. LINDSEY and Mr. FRED W. PARKS, for plaintiff in error.

The Attorney General and MR. CALVIN E. REED, for the people.

CHIEF JUSTICE CAMPBELL, after stating the facts, delivered the opinion of the court.

The assignment of errors embraces many specifications, but counsel for plaintiff in error in their briefs have, as we think wisely, condensed them into the following four propositions, upon which they rely for reversal: (1) The defendant, under our statute so providing, was entitled on his application made below to be set at liberty, because he was not tried on or before the second term of the court after having been committed to jail without bail, the delay not happening on his own application; (2) the court erred in giving and refusing instructions to the jury; (3) there was error in consolidating the five indictments for trial in one action, and before one jury; (4) the indictments on their face show that the crimes charged were barred by the statute of limitations, and contain no allegations bringing the cases within some one or more of its exceptions.

As preliminary, we remark that the record really presents for determination only the alleged insufficiency of the indictment. The transcript of the record is lacking in what many courts have deemed essential elements, and the abstract is not prepared in accordance with our rules. For these reasons alone we might refuse to notice any of the assigned errors, but there are defects in this record not of form, but of substance, which preclude us from considering either of the first three of the foregoing propositions. There are some recitals in the record, it is true, made by the clerk below, indicating that objections were made to certain rulings of the court, and that time for preparing and filing a bill of exceptions was asked. But, so far as it now appears, no bill of exceptions was ever prepared, certainly none was presented for filing or signed by the trial judge. That a bill of exceptions is necessary to bring up such questions as are sought to be presented under these three heads, and that the objections and exceptions to rulings complained of must be preserved by bill, and bill only, has so often been decided by this court

that any argument in support of the position would now be superfluous. *Smith v. The People*, 1 Colo. 121; *Wike v. Campbell*, 5 Colo. 126; *Rutter* v. *Shumway*, 16 Colo. 95; *Jordan v. The People*, 19 Colo. 417; *Burnell v. Wachtell*, 4 Colo. App. 556; *Marean v. Stanley*, 21 Colo. 43; *Earll v. The People*, 73 Ill. 329; 2 Elliott's General Practice, § 1047; Elliott's Appellate Procedure, § 783; *O' Hare v. The People*, 40 Ill. 533.

To this list a number of other cases might be added. The evidence at the trial, therefore, is not in the record before us, and we must assume that the testimony was abundantly sufficient to establish the guilt of the defendant.

It should be said that counsel who are prosecuting this writ of error were not present at either trial, and in our comments upon this record no reflection is intended upon any of the able counsel who have been engaged in the case during any of its stages. We merely state the facts as we find them. In the present state of the record we are justified in saying, as was said by this court in the case of *Miller et al. v. The People*, 23 Colo. 95:

" The defendants stand convicted of a very grave and heinous crime. They have not brought the evidence to this court for our inspection or review. In these circumstances we must assume that the evidence fully justifies the verdict of the jury.

" Under similar circumstances, the supreme court of Illinois, in the case of *Cochlin v. The People*, 93 Ill. 410, uses the following language: ' We are unable to say what the evidence against the defendant in error was, for the reason he has not preserved it in the record. But we are justified in assuming that it was conclusive of his guilt, and contained nothing of a palliating character; otherwise his counsel would have taken advantage of it by preserving it in the bill of exceptions. * * * We must therefore start out with the crime confessed upon the record, without a single circumstance to mitigate its enormity.'

" Upon this record, we think we are justified in holding

plaintiffs in error strictly to the rules governing reviews in this court.

\*     \*     \*     \*     \*     \*     \*     \*

" Of course, the court may waive this requirement (compliance with rule of court), and it may also, in its discretion, notice any error not assigned, but it would be of doubtful propriety to waive any requirement where the guilt of the defendants is established."

Although the reasons already given fully warrant us in refusing to consider either of the first three propositions, there are some other matters to which we wish to avert, some of which grow out of the infirmities of the record, that clearly show that neither of the contentions of the plaintiff in error. is tenable, and these we proceed to consider in the order stated.

1. It is admitted, as expressed by counsel for plaintiff in error, that the Swan indictment "had been kept alive and in force by the pendency of the proceedings in error in the supreme court." As we understand from the record, the defendant was arrested, committed and detained by virtue of proceedings in the *Swan* case solely. In neither of the other four did a capias issue, nor was defendant arrested, committed or held by virtue of process in either of them; and the statute provides that the trial must be had (with certain exceptions) on or before the second term after *commitment.* 1 Mills' Ann. Stats. sec. 2113; Gen. Stats. 1883, sec. 1616. The fact that he was not arraigned and did not plead in either of these four until just before the last trial in August, 1886, and after the *Swan* case was reversed in this court, gives color to the presumption which, in the absence of a contrary showing in the record, we must indulge, that the commitment and detention were only in the *Swan* case, and not in any of the others.

Aside from this, since the showing made in support of, and in opposition to, the defendant's motion below, and the exceptions to the rulings, are not before us, it cannot now be made to appear that the delay that occurred may not have

been on the application of the defendant himself, in which event, by the terms of the statute, he was not entitled to be set at liberty, even though, in all other respects, his showing was sufficient.    For it is a familiar rule that when all the evidence on which an order granting or denying a motion was based is not produced before a court of review, it will be presumed that the showing fully sustained the ruling below, and to uphold it in this case we are authorized to presume that the delay was on the defendant's application.    2 Ency. of Pl. & Pr. 444 *et seq.*, and cases cited; *Schoolfield v. Brunton et al.*, 20 Colo. 139; *Wasson v. Dyer*, 3 Colo. 398; *Earll v. The People, supra.*

2. Under our practice as it existed under the territorial form of government and ever since the state was admitted into the Union, the only way to bring up for review rulings of a trial court in giving and refusing instructions is by bill of exceptions.    The instructions themselves and the exceptions saved must be embodied in the bill.    See cases already cited.    Here there is no bill, and under our practice we do not know, and are precluded from speculating, whether or not the instructions copied into the record were given or refused by, or were before, the trial court at all.    The evidence is not before us, and so it is impossible to determine, even if some of the instructions were here, whether or not the giving or refusing of any of those complained of was prejudicial error; and there being nothing to show, and in the absence of a bill it being impossible to know, that all or any of the instructions given or refused are brought up, the alleged refusal of the trial court to give any particular instruction which under any conceivable state of facts should be given, cannot be considered, for among those not brought up, if any, there might be found one fully supplying its place. Under the established practice it is clear that we cannot pass upon the objections to the instructions.

3. Since this court in *In re Packer*, 18 Colo. 525, held that the district court had the power to inflict successive penalties for several convictions, the attorney general insists that

the ruling necessarily sanctions the order consolidating for
trial the five cases in which the convictions were had.   In
support of this point it is said that the inclusion certainly
was present to counsel, and apparently was in contemplation
by this court when it said: "We do not understand counsel
to contest this well established principle (i. e., that only juris-
dictional questions can be reviewed by *habeas corpus*).   They
claim, however, the right to have reviewed in this proceeding
the final judgments and the power of the court to enter the
same, and say that incidentally the whole record is before us
for the purpose of deciding whether the district court had
power to enter the several judgments, and inflict the accumu-
lated punishments ordered."   And then the court proceeded
to consider the objections urged, though saying the specific
question of the ruling consolidating the cases was not pres-
ent.

But suppose that question was not then determined.   Our
statute provides that, in certain cases, several offenses may
be joined in separate counts of the same indictment, or, if
two or more indictments for such offenses are found, the
court may order them consolidated for trial.   The section
reads as follows:

"Whenever there are or shall be several charges against
any person or persons for the same act or transaction, or for
one or more acts or transactions connected together, or for
one or more acts or transactions of the same class of crimes
or offenses, which may be properly joined, instead of having
several indictments, the whole may be joined in one indict-
ment in separate counts, and if two or more indictments are
found in such cases the court may order them consolidated."
1 Mills' Ann. Stats. sec. 1452;  Gen. Stats. 1883, sec. 945.

In the order consolidating these five indictments there is a
recital to the effect that, on the motion of the prosecution
asking therefor, the defendant interposing the objection that
the proofs of the killing in the said several cases would vary
and not be the same in each, " the court, being fully advised
in the premises, doth find that the said indictments severally

charge the said Alfred Packer with one or more acts or transactions connected together, and so charge him with one or more acts or transactions of the same class of crimes or offenses which may be properly joined. * * * It is, therefore, ordered that the said motion be sustained and that the said indictments * * * be consolidated forthwith for trial."

Now as there is no bill of exceptions containing the showing made by the respective parties, and as the evidence produced at the trial is not here, we must conclude that the causes were of that class which may properly be consolidated, and that the evidence before the trial court justified the ruling to that effect. *Chesnut v. The People*, 21 Colo. 512; *Cummins v. The People*, 4 Colo. App. 71, 74.

4. The most important question in the record, indeed, the only one, as we have said, which the record entitles the defendant to raise, is that the crimes charged in these indictments were barred by the statute of limitations. His position is, inasmuch as the indictments, filed in 1883, on their face show that the crimes were committed in 1874, and do not contain a statement bringing them within some one or more of the exceptions of that statute, they do not charge any offense; and further that the defects therein, being of substance, may be taken advantage of by demurrer, motion to quash, motion in arrest of judgment, or, for the first time, on this review.

Our statute in substance is as follows: "No person shall be prosecuted for any offense denominated by the common law felony (murder, arson and forgery excepted) unless the indictment for the same shall be found by a grand jury within three years next after the offense shall have been done or committed." Mills' Ann. Stats. sec. 1481; Gen. Stats. 1883, sec. 975. In this section there are three provisos: first, that nothing herein contained shall extend to any person fleeing from justice; second, providing for prosecutions within a time limited or fixed by some other statute in a particular case; third, excepting from the general period of prescription the time during which any indictment may have been pending, etc.

Assuming, as we can safely do for our present purpose, though not so deciding, that defendant may urge against these indictments charging murder the same objections that he might if they specifically charged manslaughter only, let us examine into his contention. The question, upon which there is a conflict in the authorities, is *res nova* with us, and, therefore, we are free to settle it upon what seems to us to be the best reason and in accordance with the weight of authority.

There are cases holding, where it appears from the allegations of the indictment itself that the act attempted to be charged as an offense is barred by the statute of limitations, that there must be in the same pleading appropriate allegations bringing the cause within some one of the exceptions of that statute, or no offense is charged. To this effect are cited *State v. Victor*, 36 La. Ann. 978, and cases cited, *Lamkin v. The People*, 94 Ill. 501, *Garrison v. The People*, 87 Ill. 96, *Church v. The People*, 10 Ill. App. 222, *Fulcher v. The State*, 32 Tex. Crim. Rep. 621, *Hatwood v. The State*, 18 Ind. 492, *United States v. Watkins*, 3 Cranch C. C. Rep. 441, *McLane v. State*, 4 Ga. 335, *People v. Miller*, 12 Cal. 291, 294, *Roberts v. State*, 19 Ala. 526, *Commonwealth v. Megibben Co.*, 40 S. W. Rep. (Ky.) 694, *State v. Hinton*, 49 La. Ann. 1354, and *Commonwealth v. Taylor Co.*, 43 S. W. Rep. (Ky.) 399.

In *Lamkin v. The People*, *supra*, the rule is, perhaps, as concisely put as in any of the cases, and it is thus expressed: "It appearing, then, this offense is a misdemeanor, and the face of the indictment disclosing that the offense was committed more than eighteen months before the finding of the indictment without bringing the case within either of the exceptions under which an indictment may be returned after the expiration of that time, the motion to quash should have been sustained, and the court erred in overruling it."

Counsel for plaintiff in error say that there are two classes of authorities upon the point under consideration, the first class dealing with a rule of pleading in criminal cases which

do not, and the second class with those that do, involve the statute of limitations. For the sake of the argument, they concede the correctness of the rule contended for by the attorney general when confined to the first class, but deny its applicability to the second. It is said that in cases of the first class the rule proceeds upon the ground that a statute having created an offense, the state has thereby reserved to itself the absolute right to prosecute for its commission. If, however, the enacting clause of the statute makes the right exceptional and not complete, then the exception must be negatived in an indictment charging the statutory offense, but if the exception is in a distinct proviso of the enacting clause or contained in a subsequent clause or section, it is the duty of the defendant to set up the defense, and not of the state in an indictment to negative it.

The argument then proceeds by stating that the statute of limitations is to be considered alone as a legislative enactment without respect to the statute creating the offense. The enacting clause of the statute of limitations creates no offense, but deprives the state of the right it otherwise would have to prosecute after three years have elapsed, and gives to the citizen absolute immunity from prosecution thereafter, subject only to certain contingencies when prosecutions may be had.

To apply to the second class the rule of pleading to which the first class is subject, is said to be illogical, and the only reasonable rule requires the state in its charge to negative the exception in order to show its right to prosecute.

The foregoing is counsel's deduction from the authorities which they cite; and while the cases may not, in so many words, state the rule or the argument as we find it in the briefs, there is some support to be found for counsel's position.

The attorney general, on the contrary, broadly contends that if the defendant desires to take advantage of the statute of limitations it is a matter of defense to be specially pleaded, or raised at the trial under the evidence under a plea of not guilty, and that the statute is not to be negatived by the peo-

ple in the indictment. In support of his contention are cited *United States v. Cook*, 17 Wall. 168, *Thompson v. State*, 54 Miss. 740, 1 Bishop Crim. Procedure, §§ 638, 405, and cases cited, *State v. Howard*, 15 Rich. (S. C.) 274, *In re Davison*, 21 Fed. Rep. 618, 1 Bishop D. & F. § 1046 and note, *People v. Santvoord*, 9 Cowen, * 655, 660, and *Harding v. People*, 10 Colo. 387.

The leading case is *United States v. Cook, supra*, and the opinion by Mr. Justice Clifford reviews the authorities and comments at length upon some of those cited by the defendant. We are satisfied with the conclusion reached by that tribunal, and as that case involves the precise question here, we content ourselves with quoting liberally from it. The rule is thus stated:

" Where a statute defining an offense contains an exception, in the enacting clause of the statute, which is so incorporated with the language defining the offense that the ingredients of the offense cannot be accurately and clearly described if the exception is omitted, the rules of good pleading require that an indictment founded upon the statute must allege enough to show that the accused is not within the exception, but if the language of the section defining the offense is so · entirely separable from the exception that the ingredients constituting the offense may be accurately and clearly defined' without any reference to the exception, the pleader may safely omit any such reference, as the matter contained in the exception is matter of defense and must be shown by the accused.

    *     *     *     *     *     *     *     *

" Where the exception itself is incorporated in the general clause, * * * then it is correct to say, whether speaking of a statute or private contract, that unless the exception in the general clause is negatived in pleading the clause, no offense, or no cause of action, will appear in the indictment or declaration when compared with the statute or contract, but, when the exception or proviso is in a subsequent substantive clause, the case contemplated in the enacting. or general

clause may be fully stated without negativing the exception or proviso, as a *prima facie* case is stated, and it is for the party for whom matter of excuse is furnished by the statute or contract to bring it forward in his defense."

And then the learned justice, in applying the principle contained in the rule to the case before the court involving the statute of limitations, which defendant there sought to interpose by demurrer, thus proceeds :

"Apply those rules to the case before the court, and all difficulty is removed in answering the questions for decision. Neither an exception nor a proviso of any kind is contained in the act of congress defining the offense, and every ingredient of the offense therein defined is accurately and clearly described in the indictment. Nothing different is pretended by the defendant, but the contention is that the demurrer does not admit the force and effect of these allegations, because another act of congress provides that no person shall be prosecuted, tried, or convicted of the offense unless the indictment for the same shall be found within two years from the time of committing the offense.

\*          \*          \*          \*          \*          \*          \*          \*

"It clearly follows that the demurrer ought not to be sustained in this case, as the statute of limitations in question contains an exception, and it may be that the prosecutor, if the defendant is put to trial under the general issue, will be able to introduce evidence to show that he, the defendant, is within that exception.

\*          \*          \*          \*          \*          \*          \*          \*

"Accused persons may avail themselves of the statute of limitations by special plea or by evidence under the general issue, but courts of justice, if the statute contains exceptions, will not quash an indictment because it appears upon its face that it was not found within the period prescribed in the limitation, as such a proceeding would deprive the prosecutor of the right to reply or give evidence, as the case may be, that the defendant fled from justice and was within the exception. Nor is it admitted that any different rule would

apply in the case even if the statute of limitations did not contain any exception, as time is not of the essence of the offense; and also for the reason that the effect of the demurrer, if sustained, would be to preclude the prosecutor from giving evidence, as he would have a right to do, under the general issue, to show that the offense was committed within two years next before the indictment was found and filed."

In *Thompson v. State, supra,* the rule is thus expressed:

"A statute of limitations is never part of an offense, but always a matter of defense; nor is any allusion to time contained in our statutes relative to grand larceny. It will be time enough, therefore, for the district attorney to plead the exceptions to the statute when the statute itself has been pleaded by the accused. No sound rule of pleading can require him, in preferring the indictment, to anticipate the defense, and negative it by setting forth the facts which render it unavailing. If the accused pleads the statute specially, the representative of the state, by a replication, will plead the exceptional facts which deprive the defendant of its protection; or if the defendant, under the plea of not guilty, invokes the protection of the statute by proof, and by instructions asked, the district attorney will in the same manner claim the benefit of the exception. Such a mode of procedure is simple, free from all difficulties, and can work no harm to the accused."

The statute construed by the supreme court of the United States was similar to our own statute of limitations in that both contained exceptions. The distinction sought to be made whereby the rule applies to one so-called class, and not to another, is not, to our minds, a valid or substantial one. To the contention of counsel for plaintiff in error in that behalf, the foregoing extracts are a complete answer, and the rule therein laid down commends itself to us as based upon the better reasoning. In conclusion we say that, as the evidence before the jury is not brought up, for aught that appears there may have been a showing by the people that the causes came within one or more of the exceptions of the stat-

ute of limitations, in that defendant was a fugitive from justice, or that prior indictments had arrested the running of the statute.

The record fails to show any error, and the judgment below should be affirmed, and it is so ordered.

*Affirmed.*