26  542
d32  131
26  542
34  479

[No. 4009.]

EDWARD ROWE v. THE PEOPLE.

[No. 4010.]

GEORGE H. ROWE v. THE PEOPLE.

1. INDICTMENT—INFORMATION—LARCENY—EVIDENCE.

Where the statute provides several ways in which a larceny may be committed, an information may charge in one count that the offense was committed in each of the ways provided by statute, using the conjunction "and" where the statute uses "or" to connect the different methods of larceny alleged, and such information is supported by proof of larceny committed in any one of the ways alleged.

2. APPELLATE PRACTICE—AMENDING BILL OF EXCEPTIONS—VARIANCE.

Where on error to a conviction for larceny a variance appears in the record between the information and the proof, in the name of the injured party, and an inspection of the record shows that the mistake in name is a typographical error, the variance may be cured by withdrawing the bill of exceptions and correcting the mistake.

3. APPELLATE PRACTICE—BILL OF EXCEPTIONS—MOTION FOR NEW TRIAL.

Error assigned on the overruling of a motion for new trial cannot be considered unless the motion is preserved in the bill of exceptions.

4. APPELLATE PRACTICE—BILL OF EXCEPTIONS—OBJECTION TO ARGUMENT.

An assignment of error based on an objection to language used in the argument of counsel cannot be considered unless the language objected to is preserved in the bill of exceptions.

5. Practice — Absence of Judge from Bench During Argument.
The mere fact that the trial judge left his bench during the argument and went into his private room a few feet away is not reversible error where it appears that the court was within hearing and did hear the objection of counsel to the argument.

*Error to the District Court of Boulder County.*

The above named plaintiffs in error were separately charged by informations in the district court of Boulder county with the larceny of a horse, the property of one Frederick Sherwood. The first counts of the informations, omitting the formal parts, were as follows:

" * * * That * * * Rowe, late of the county of Boulder and state of Colorado, on the 8th day of August in the year of our Lord one thousand, eight hundred and ninety-eight, at and within the county and state aforesaid, one horse of the personal goods, chattels and property of Frederick Sherwood then and there being found did then and there unlawfully and feloniously steal, take, lead and drive away; and did then and there unlawfully and feloniously deprive the said owner of the immediate possession thereof, and did then and there unlawfully and feloniously apply the same to his own use, with intent to steal the same. * * * "

The statute under which the informations were drawn is as follows:

" Any person who shall steal, embezzle or unlawfully kill, sell, drive, lead or ride away, or in any manner unlawfully deprive the owner of the immediate possession of any neat cattle, horse, mule, sheep, goat, swine or ass, or any person who shall steal, embezzle or unlawfully kill, sell, drive, lead or ride away, or in any manner unlawfully apply to his own use any neat cattle, horse, mule, goat, sheep, ass or swine, the owner of which is unknown * * * shall be deemed guilty of larceny. * * * " Session Laws, 1891, p. 130.

The cases were tried together, and defendants were found guilty. Edwards was sentenced to a term of six years, and George to four years and six months' confinement in the pen-

itentiary. To reverse these sentences they bring the cases here on error.

Mr. S. T. HORN, for plaintiffs in error.

Mr. DAVID M. CAMPBELL, attorney general, Mr. CALVIN E. REED, Mr. DAN B. CAREY and Mr. A. C. PATTON, for the people.

MR. JUSTICE GODDARD delivered the opinion of the court.

The first error relied on for reversal is that the court erred in denying the motion made at the conclusion of the people's testimony to discharge defendants, for the reason that the evidence failed to prove that the horse was taken from the possession of Sherwood. The evidence upon this point was in substance as follows: Mr. Sherwood, the owner of the horse, testified that he arrived at Magnolia with the horse about 8 o'clock in the evening on the 5th of August, and not having room in his stable, left her outside, and that she disappeared that night and he did not see her again for several days. Albert King, a witness for the people, testified that he and the defendants, on or about the 8th of August, took the horse from the pasture of Mr. Kiggee.

It will be observed that the statute provides several ways in which a larceny may be committed, and an information that charges in a single count that the defendant did all of the forbidden things, by employing the conjunction "and" where the statute uses "or" is good, and is supported by proof that the defendant committed the offense in any of the ways specified. Bishop's Directions and Forms, §§ 19, 21; *Pettit v. People*, 24 Colo. 517. Therefore, if it may be said, as contended by counsel for plaintiffs in error, that the evidence is not sufficient to show that the owner of the horse was deprived of its immediate possession, it is clearly sufficient to show that the larceny was committed in the manner first specified in the statute, to wit, by driving, leading or riding away the animal.

It is further urged, in the original brief of counsel for plaintiffs in error, that there was a fatal variance between the allegations and the proof, in that the information charges the ownership of the horse in Frederick Sherwood, while the testimony shows that the animal belonged to one Sherwoof. Frederick Sherwood was called as a witness, and it appeared in the original bill of exceptions, that the district attorney propounded to him the question, " Is your name Frederick Sherwood ?" Answer, " Yes sir." It being evident, from an inspection of the record, that the mistake in the name was a typographical error, the district attorney, by leave of court, withdrew the bill of exceptions for the purpose of having this error corrected, which, having been done, this objection is obviated.

The second assignment of error is based upon the overruling of the motion for a new trial. The motion for a new trial is not preserved in the bill of exceptions, and therefore is not before us for consideration. *Anderson v. Sloan,* 1 Colo. 33 ; *Kurtz v. Simonton,* 1 Colo. 70 ; *Wike v. Campbell,* 5 Colo. 126 ; *Jordan v. People,* 19 Colo. 417 ; *Cochlin v. People,* 93 Ill. 410 ; *Edwards v. People, ante,* p. 542.

Counsel insist that the evidence was insufficient to support the verdict, and that the verdict was rendered under the influence of passion and prejudice; but no error is assigned upon this ground, and consequently these questions are not before us for determination. Nevertheless, we have examined the bill of exceptions, and find that it contains evidence sufficient to support the verdict, and the credibility of witnesses being a matter exclusively for the jury to determine, we would not feel at liberty to disturb their verdict, even if the question was properly before us.

The third and last ground relied on for reversal is that the trial judge absented himself from the court room during the closing argument of the district attorney, and that during such absence the district attorney used improper language in addressing the jury. The language that is alleged to have been improper is not preserved in the bill of exceptions.

VOL. XXVI—35

We are unable, therefore, to determine whether this objection is meritorious or not. The alleged absence of the judge from the court room consisted in his leaving the bench and going into his room, which was but a few feet away, and is explained by the judge himself, in passing upon the motion for new trial, as follows:

"I will say in regard to that part of the argument of the district attorney of which complaint is made by counsel for defendant, that while I stepped into my room here a few feet, stepping but a few feet away from my desk here, at the time counsel for the defendants interposed an objection to the remarks of the district attorney, that aside from calling my attention to the statements made by Mr. Patton, he made no further reference to it and did not except to the argument as made by the district attorney. * * * The discussion by the district attorney of the evidence in this case was perfectly fair; I heard every word spoken by him; no reference was made to the fact that the defendants were not placed upon the stand to testify. * * * Consequently, I will say, there is no justification for the sixth assignment of error in this case." From this statement of the court it is obvious that if counsel had taken the proper steps to present this objection, that there is no foundation for this assignment of error. The absence of the judge from the bench was not such as would constitute reversible error. *O'Brien v. People*, 17 Colo. 561.

Upon a careful inspection of the record before us, we are unable to find any error that would justify a reversal. The judgments of the court below are accordingly affirmed.

*Affirmed.*