[No. 8410.]

## WOOD V. THE PEOPLE.

1. CRIMINAL LAW—*Consolidation of Causes.* Informations charging the robbery of different persons, at the same time and place, are properly consolidated for trial. (211.)

2. —— *Effect of Consolidation.* On conviction each offense is to be visited by the punishment provided by statute. (212.)

3. —— *Evidence—Other Crimes.* In the trial of an accused person evidence of crimes or misconduct having no relation to the offense charged in the information, and manifestly tending to prejudice the jury against the prisoner, was admitted over the prisoner's objection. There being evidence to establish an alibi, the conviction was reversed, though the record exhibited sufficient competent evidence of the prisoner's guilt. (212, 214.)

*Error to Pueblo District Court.* Hon. C. S. ESSEX, Judge.

Mr. DAVID M. CAMPBELL, for plaintiff in error.

Hon. FRED FARRAR, Attorney General, Mr. CLEMENT F. CROWLEY, Assistant Attorney General, for The People.

WHITE, J., delivered the opinion of the court.

Frank B. Wood and George Miller were charged in an information filed by the District Attorney, with having robbed Frank Palmer of a watch, and, in another information, with having, at the same time, robbed S. J. Tatum of $4.75. Miller entered a plea of guilty to each information; and the cases against Wood were, over his objection, consolidated and tried, resulting in a verdict of guilty upon each charge. Motion for a new trial was denied and sentence pronounced in each case, from which Wood seeks to be relieved through this proceeding. He contends that the cases were improperly consolidated to his prejudice. We do not concur in this view of the matter. The crimes charged are of the same class, committed at the same time and place, and were properly consolidated.—Rev. Stat. 1908, § 1953; *Trozzo v. People,* 51 Colo. 323, 329, 117 Pac. 150; *Packer v. People,*

26 Colo. 306, 57 Pac. 1087; *Chestnut v. People,* 21 Colo. 512, 42 Pac. 656.

Wood further claims that, if the consolidation was proper, it must be held that the informations charge but one offense and will support but one penalty. In this he is mistaken. Each information sets forth the commission of a distinct offense, although committed at the same place and time. As the sole purpose of consolidation was to conserve time and expense in the litigation, the cases were, subsequent to the trial, no different than if separate trials had been had. It was, therefore, proper to pronounce sentence upon the verdict of guilty in each case.

The only other alleged error we deem necessary to consider is based upon the admission of certain evidence over the objection of plaintiff in error, and the refusal of the court to withdraw the same from the consideration of the jury. Miller, the co-defendant of Wood, testified as a witness for The People, and in his evidence in chief, in answer to an inquiry as to his acquaintance with Wood, stated that he had known him "about two weeks prior" to the commission of the alleged crimes, which was on the 29th day of July. Wood, upon cross-examination, stated, in answer to the question as to his acquaintance with Miller, that he had known him "since somewhere along in July, I should judge about the 20th," and had met him around like any one else. Wood also stated that he was acquainted with two sisters of Miller, named Minnie and Mamie, respectively; that he had known Mamie since about the 7th of July. He was then, over objection, required to answer numerous questions relative to keeping company with Mamie, taking her to Denver, living with her as her husband, as to her age, and whether he had told certain parties that they were married. He gave negative answers to these questions. He admitted that he, Miller, and Mamie were in Denver; that Mamie had accompanied him there, and that they had all stopped or visited with Minnie, the married sister of Miller, but denied

that he had then told Miller and Minnie that he and Mamie were married; and also denied that he had then and there occupied a room with Mamie as her husband, or had slept with Mamie and Miller in the same bed. In rebuttal Miller was permitted to testify that upon the aforesaid trip to Denver, he, Wood and Mamie slept in the same bed, and that this relation continued during the time they were there, and that Mamie was then but seventeen years old, and that Wood had told him that he was married to Mamie. Two other witnesses were permitted to testify to substantially the same facts. This evidence the court refused to withdraw from the jury. This was clearly prejudicial to the substantial rights of Wood and requires a reversal of the judgments under consideration. Should we concede that in a given case all evidence is relevant which discloses or tends to disclose the guilt or innocence of a party charged with crime, and should never be rejected merely because it proves or tends to prove that at some other time, or at the same time, the accused has been guilty of some other separate, independent, dissimilar or similar crime, nevertheless evidence of other offenses should never be injected into a case for the sole purpose of carrying weight against the defendant. It was conceded by Wood that he was acquainted with Miller, and the former's testimony disclosed a more intimate acquaintance between the two than that established by the testimony of the latter in his examination in chief. It was also conceded that on the very night of the robbery the two were together, both prior and subsequent to the commission of the robberies in question. Whether Wood had kept company with Mamie, had taken her to Denver, lived with her as her husband, told certain parties that they were married, had slept in the same bed with her, or what age she had attained, were wholly irrelevant, for the simple reason that their proof was not essential, or in any wise necessary, to the proof of the acquaintanceship of Wood and Miller, or to the fact that they had slept in the same bed or room. The

minds of the jurors must not be poisoned and prejudiced against the prisoner by receiving evidence of the character of that here in question, unless the proof of the case requires it. Underhill on Criminal Evidence, §§ 87, 88. It is clear from the record that the effort of the prosecution, relative to the evidence under consideration, was to prove the existence of criminal relations existing between Wood and Mamie rather than an intimate acquaintanceship of Wood with his co-defendant. The prosecution persisted in showing that Mamie Miller was an unmarried female of tender years, and that Wood, who was married and the father of four children, under a false claim of being wedded to Mamie made to her immediate family, had in their home been received as Mamie's husband and sustained that relation to her. While there was sufficient, proper evidence to warrant the jury in finding the defendant guilty as charged in each information, there was considerable evidence from several witnesses to establish an alibi relied upon by Wood, and it is impossible to say that the jury was uninfluenced by the improper and inadmissible evidence in question. The judgment is, therefore, reversed and the cause remanded.

*Reversed.*

Decision *en banc.*