## WHITE v. THE PEOPLE.

1. INFORMATIONS—VERIFICATIONS—STATUTORY CONSTRUCTION.

No verification of any kind need be attached to an information. Where a verification is necessary, as where a preliminary examination has not been had or waived, or where upon examination the accused has been discharged, or where the affidavit or complaint upon which an examination was held has not been delivered to the clerk of the proper court, it must be contained in the independent affidavit of some credible person having knowledge of the commission of the offense, and who is a competent witness to testify in the case.

2. PRESUMPTIONS—REGULARITY OF PROCEEDINGS.

The presumptions are always in favor of the regularity of judicial proceedings.

3. SAME.

Without a showing to the contrary, it will be presumed that the statutory conditions precedent to the filing of an information had been complied with before it was filed.

4. INFORMATIONS—SEPARATE OFFENSES.

It is improper to include several distinct offenses in the same indictment or information.

5. SAME—ELECTION.

In case of duplicity or of misjoinder of counts, if objection is made in apt time the indictment or information will be quashed in the one case, or the prosecutor compelled to elect on which count he will proceed in the other.

6. DISTINCT OFFENSES—PRACTICE.

When the evidence in this case disclosed that the defendant was being prosecuted under two counts for distinct and different felonies, the court should have interposed *sua sponte* to protect him from being tried and convicted upon both counts together. Not to do so was reversible error.

*Error to the District Court of Pueblo County.*

Messrs. MITCHELL & KRIGER and Messrs. PATRICK & ESSEX, for plaintiff in error.

THE ATTORNEY GENERAL, Mr. F. P. SECOR and Mr. CALVIN E. REED, of counsel, for the People.

VOL. VIII—19

THOMSON, J., delivered the opinion of the court.

The transcript filed in this case consists of detached portions of the record, to which is appended the following certificate:

"STATE OF COLORADO, }
"COUNTY OF PUEBLO.  } *ss.*

"I, George Seaver, clerk of the district court of the tenth judicial district of the state of Colorado, in and for Pueblo county, do hereby certify that the above and foregoing are true, perfect and complete copies of the original information, part of the instructions, the verdict of the jury and the sentence of the court, in a certain cause recently decided in the said district court, in which The People of the State of Colorado was plaintiff, and James L. White was defendant, as appears from the files and records of my office.

"Witness my hand and the seal of our said district court at Pueblo, in said county, this ——— day of November, A. D. 1894.          GEO. SEAVER, Clerk.

(Seal)          "By H. F. SLOANE, Deputy."

The information consists of three counts. The first charges the defendant with the larceny, on the 1st day of March, 1893, of two head of neat cattle, the property of Emanuel C. Tolle; the second charges the larceny by the defendant, on the 20th day of May, 1893, of eight head of neat cattle, the property of Emanuel C. Tolle; and the third charges the larceny by the defendant, on the 3d day of July, 1893, of eight head of neat cattle, the property of Emanuel C. Tolle. The information was verified by the district attorney upon information and belief.

The information is objected to because it was verified by the district attorney upon information and belief, and because, as counsel allege, it was not based upon the affidavit of some credible person having knowledge of the commission of the offense.

The law in force when this information was filed, and by

the provisions of which it was governed in matters pertaining to its form, was the act of April 3, 1893 (Session Laws 1893, p. 116). The first section provides that the name of the district attorney shall be subscribed to all informations, by himself or his deputy. This section is amendatory of section 2 of the act of April 14, 1891, which contained the following words: "All informations shall be verified by the oath of the district attorney, or his deputy, or by the oath of some person competent to testify as a witness in the case; the verification by the district attorney or his deputy may be upon information and belief." These words are omitted from the amendatory section, so that the information which it provides for is complete when the name of the district attorney is subscribed to it, by himself or his deputy. Verification of this information, in any form, by the district attorney or his deputy, was therefore unnecessary. Section 1 of the act of 1893, however, concludes as follows: "In all cases in which the defendant has not had or waived a preliminary examination there shall be filed with the information the affidavit of some credible person verifying the information upon the personal knowledge of affiant that the offense was committed." The foregoing provision must be considered in connection with the third section of the same act, which is amendatory of section 8 of the act of 1891, and which reads as follows:

"An information may be filed against any person for any offense when such person has had a preliminary examination as provided by law before a justice of the peace, or other examining magistrate or officer, and has been bound over to appear at the court having jurisdiction, or shall have waived his right to such examination; such information shall set forth the crime committed according to the facts. But if a preliminary examination has not been had, or when upon such examination the accused has been discharged, or when the affidavit or complaint upon which the examination has been held has not been delivered to the clerk of the proper court, the district attorney may, upon affidavit of any person

who has knowledge of the commission of an offense, and who is a competent witness to testify in the case, setting forth the offense and the name of the person or persons charged with the commission thereof, upon being furnished with the names of the witnesses for the prosecution by leave of court first had, file an information, and process shall forthwith issue thereon."

It seems plain from the statute we are considering that no verification of any kind need be attached to the information. Where a verification is necessary at all, it must be contained in the independent affidavit of some credible person, having knowledge of the commission of the offense, and who is a competent witness to testify in the case. This affidavit must be filed with the information. If a preliminary examination has not been had or waived, or if upon the examination the accused has been discharged, or if the affidavit or complaint on which it has been held has not been delivered to the clerk of the proper court, then the affidavit is necessary; and upon it, by leave of the court first had, the information may be filed.

This information was verified by the district attorney in the form allowed by the act of 1891, but as by the law under which it was filed no verification was necessary, its verification did neither good nor harm, and had no effect upon the information itself. However, although the verification was superfluous, to give the information validity, the existence of some one of the statutory precedent conditions was indispensable. Now, the full record is not here; the transcript does not contain it or purport to contain it; and what is here shows nothing inconsistent with a supposition that the information was filed in full compliance with the requirements and provisions of the statute. The presumptions are always in favor of the regularity of the proceedings of courts in matters of which they have jurisdiction; and, without any showing to the contrary, we must presume that the statute was complied with, and that the information was lawfully filed.

The principal objection made to the information, however,

is that it sets forth three separate and distinct offenses. It is not claimed, nor can it be, that any one of the counts is bad, or does not charge with sufficient fullness the commission of a felony; but it is insisted that independent offenses, involving transactions entirely distinct and unconnected, cannot be joined in the same indictment or information. It does not appear from the partial record which the defendant has seen fit to lay before us that any objection of any nature was made to the information, or to the proceedings, in the trial court; and it must therefore be presumed that none was made, and that the defendant voluntarily submitted to trial upon the information as it was framed. It is therefore to be determined whether, notwithstanding the failure to object, the conviction which was had upon the combined counts was legal.

The authorities are practically unanimous that it is improper to include distinct offenses in the same indictment, and that either in the case of duplicity or of misjoinder of counts, if objection is made in apt time, the court will in the one case quash the indictment, and in the other compel the prosecutor to elect on which count he will proceed; but that neither duplicity nor misjoinder is a ground for arrest of judgment. Wharton Crim. Plead., secs. 285, 290, 760; Archbold's Crim. Plead., 59; *Young et al. v. The King,* 3 T. R. 106; *State v. Hutchings,* 24 S. C. 142; *Commonwealth v. Gillespie,* 7 S. & R. 469; *People v. McKinney,* 10 Mich. 54-95. It may not appear upon the face of the indictment whether the offenses charged are or are not distinct. The same crime may be charged as having been committed at different times; or the language of the indictment may be such that it appears to charge separate offenses, but the several counts may nevertheless relate to the same transaction, and it may therefore be impossible to determine, before the evidence is in, whether the prisoner is being prosecuted for one offense or for several unconnected offenses, so that a motion before trial might properly be disallowed; but whenever it does appear that different transactions are combined,

the objection is in order. The motion is said to be addressed to the discretion of the court, but the duty of the court is to so exercise its discretion that the prisoner shall not be prejudiced in his defense, and that his compulsory attitude before the jury shall not be such as to give the prosecution an undue advantage over him. The prisoner relies, and has a right to rely, upon the court to see that he has a fair trial. A man who is called upon to meet a criminal accusation, and whose liberty or life is at stake, occupies a position very different from that of a party to a civil suit; and a case is easily conceivable where it would be the duty of the court to interfere in his behalf of its own motion, especially if it was apparent that his defense was being imperilled by the negligence or incapacity of his counsel. Now, the very fact of the prosecution of a prisoner at one time for several different crimes must have a tendency to prejudice the jury against him. He is presented to them, not as charged with the commission of one offense, but as a habitual criminal, and so an impression may be produced upon them, unfavorable to him, difficult to remove, and which has a tendency to make his conviction easy.

In *People v. Adler*, 140 N. Y. 336, the court said: "It requires no argument to show that a prisoner has a substantial interest in being protected against several accusations in the indictment, which send him to his trial charged with the commission of two or more crimes of an utterly different nature; but where the accusation is of the commission of a certain crime, and the indictment sets forth two or more offenses of the same nature based upon the same or a continuous set of facts, either of which offenses make him guilty of the same crime, the prisoner cannot be prejudiced."

The following is from the opinion in *People v. Aikin*, 66 Mich. 470: "The true and only just rule as regards the joinder of counts in an information or indictment seems to be, if the different counts are drawn and used with a view to one and the same transaction, so that one of them, upon the trial, may be found to meet the evidence, the court will not

interfere with the proceeding, as such an object is a legitimate one. It is a proceeding calculated to promote justice and cannot confuse or prejudice the defense of the accused. But when the object and purpose is apparent to prosecute the respondent, and such is the logical effect, for separate felonies by means of one information or indictment, the court will not permit it to be done. The prosecutor has no right to do this, as its injustice and prejudice to the accused overbalance all possible benefits to be derived to the public from such a practice. * * * But I will not pursue the matter further. It seems to me unanswerable that no man should be prejudiced in this manner when on trial for a capital offense. He has a right to be warned by the complaint and warrant of what he is accused, and ought not to be convicted of two different crimes, committed at different times, under one information, with the evidence of each confounded as a whole, and used indiscriminately to convict him of both. Such a proceeding violates every principle of justice, and places him at the mercy of the prosecutor; and, as, in this case, evidence not competent to prove one of the offenses, but admissible as to the other, is used to establish both crimes. Such a trial must necessarily be an unfair and illegal one."

In *State v. Nelson*, 14 Rich. 169, the defendant was tried upon an indictment charging in separate counts two different burglaries. No motion was made before verdict rendered to quash the indictment or compel the prosecution to elect between the counts. It was held that the misjoinder was not sufficient ground for arresting the judgment, but it was also held that the trial judge should have required the prosecuting officer to select one of the felonies and confine himself to it, without waiting for a motion from the prisoner's counsel. Because the judge did not do this a new trial was ordered.

In a criminal trial "the accused stands on all his rights and waives nothing which is irregular." *Guyhowski v. People*, 1 Scam. 476.

In this state a variety of offenses are defined, and their

punishment and the manner of their prosecution prescribed by statute. Section 244 of the Criminal Code (Gen. Stats., 932) provides as follows: "All offenses herein defined shall be prosecuted and punished as herein prescribed, and not otherwise." This code contains the following provisions in relation to the manner in which offenses shall be prosecuted. Section 257: "Whenever there are or shall be several charges against any person or persons for the same act or transaction, or for one or more acts or transactions connected together, or for one or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments, the whole may be joined in one indictment in separate counts, and if two or more indictments are found in such cases the court may order them consolidated." General Statutes, sec. 945. It is further provided by section 238 (Gen. Stats., 926) that "all exceptions which go merely to the form of an indictment shall be made before trial, and no motion in arrest of judgment or writ of error shall be sustained for any matter not affecting the real merits of the offense charged." Concerning the foregoing section 945, this court, in *Cummins v. People*, 4 Colo. App. 74, said: "This statute is in reality but an embodiment of a well established principle of the common law, and is no broader than was that rule unless it be in the consolidation of causes, and confers no greater power than that enjoyed and exercised prior to the enactment of the statute. This is clear from the very terms of the statute for the words of limitation, 'which may be properly joined,' must evidently have been inserted as a restriction upon the general right to consolidate or join different offenses in one indictment which otherwise the section would confer."

This section permits the joinder of crimes or offenses "which may be properly joined," and in using these words of limitation the legislature must have had in mind the common law rule upon the subject. At common law disconnected and independent felonies might not be properly joined. Section 932 amounts to a prohibition against the

prosecution of offenses otherwise than as the statute provides, and consequently a prohibition against the trial of an offender upon a union of counts charging distinct and unconnected felonies.

In the opinion in *Cummins v. People*, it is further said: "To give the statute full force, and to give effect to all its terms necessitates this conclusion, and it is only necessary to ascertain by a consideration of well settled rules what crimes may be properly joined in one indictment. This determination will also settle what cases may be consolidated in case different indictments are found by the grand jury. It has always been holden with reference to felonies that only one transaction can be embraced in a single indictment. The acts done may result in the commission of several different statutory or common law crimes, but wherever the felonies are separate and distinct, and not provable by the same evidence, and have been committed at different times, so that they can in no sense be deemed to result from the same series of acts, they may not be joined in one indictment; and consequently, if several indictments be found, the court is powerless to order the cases consolidated."

In that case there were two indictments against the defendant, which were consolidated and tried together. It is true that the defendant objected to the consolidation, but the decision was not based upon the fact that objection was made at the proper time, but upon the want of power in the court, in the face of the statute, to make the consolidation. The effect of the consolidation was to combine distinct charges, and if the court was powerless to order the consolidation, it would have been equally powerless to try the defendant upon the combined charges, if instead of being originally contained in separate indictments, they had been merely different counts of the same indictment.

Counsel for the people, however, insist that in order that such a misjoinder may be available to the defendant on writ of error, the objection must have been taken before the case was submitted to the jury, and in support of their position

rely, to some extent at least, on section 926, the substance of which we have given. There are several reasons why that section is not applicable to the kind of case we are discussing. In the first place, the exception to which it refers must be taken before trial. But when it can not be determined from the face of the indictment whether the several counts refer to the same or different transactions, objection before trial would avail nothing. If the several counts are so framed that they may, for aught that appears, be statements in different forms, and in different language, of one transaction, but in reality are intended to charge distinct crimes, the fact can be revealed only by the evidence; and after that is taken it is too late to make the objection which the section contemplates. In the next place, the exception spoken of goes only to form, and the motion or writ to matter not affecting the real merits of the offense charged. As to form, each of the several counts may be unobjectionable, and the rules governing trials may be strictly observed; and yet by being forced into a trial of a combination of charges, each one of which standing alone may be well stated, he may be so confused and prejudiced that he suffers the gravest injustice as the result of the trial. The " matter not affecting the real merits of the offense charged " pertains to something which may be legally done, and from which the defendant suffers no real harm. A matter of any kind which affects injuriously his substantial rights, and by which he is deprived of a fair trial, is not within the section. A joinder of counts contrary to the statute does not pertain to the form of the indictment; and a compulsory trial upon the combined charges is not such a " matter not affecting the real merits of the offense charged " as the legislature had in mind when enacting the section.

. The solitary instruction which the transcript contains confined the jury in their inquiries to the second and third counts of the information. We conclude, therefore, that the defendant was tried only upon these two counts. We cannot gather from the incomplete record before us what became of the first, but as it appears to have been ignored by the

court, we shall leave it out of this discussion. The second and third counts each charge the larceny of the same number of cattle, the property of the same person; and the only difference between them is that they charge the larceny to have been committed on different days. It could not be positively determined from the language of the information whether it was intended to embrace two separate transactions, or whether it was designed to charge only one offense, laying the commission of the offense at different times to meet the proof. The jury under the instructions of the court found the defendant guilty upon each count, and the court adjudged a separate punishment upon each count. We cannot escape the conclusion, therefore, that the larceny charged in one count was a different larceny from that charged in the other count, and that the defendant was tried at the same time for two different felonies. A motion to quash, or to compel an election between the two counts, made before trial, would have been properly denied, because upon the face of the information it could not be said but that both related to one transaction. When the evidence disclosed that the contrary was the case, the defendant was still silent; but that an innocent person should suffer an infamous punishment, merely on account of a technical omission for which his attorney is responsible, is not in accordance with the spirit of the law; and whether the defendant was innocent or guilty could be satisfactorily determined only upon a fair trial. It is hardly possible that a trial on an accumulation of charges, which require from the defendant separate preparation upon each, which must introduce more or less confusion and embarrassment into his defense, and which put him at a disadvantage before the jury at the very outset, should be fair. It was the fault of the prosecution that in the face of the prohibition of the statute the charges were combined; and we do not think it is in a position to insist that its unauthorized proceeding should be sustained, merely because the defendant at some stage of the trial failed to interpose a motion, concerning which all that can be said is that it is technical. When the

evidence disclosed the real nature of the prosecution, the court, as charged with the duty of seeing that the defendant was not jeopardized contrary to law, should have interposed for his protection, without motion from him.

We do not decide whether, under the statute, the objection to the information could be made for the first time in this court, or whether an election by the prosecuting officer of one count on which to try the defendant would have cured the irregularity in the joinder; but because the court permitted the defendant to be tried and convicted upon both counts together, we must reverse the judgment.

*Reversed.*