## APRIL TERM, 1900.

[No. 4120.]

### BERGDAHL ET AL. v. THE PEOPLE.

1. PRACTICE IN CRIMINAL CASES—INFORMATIONS AND INDICTMENTS—
CONSOLIDATION.

An information charging defendants in separate counts with breaking
ore from certain mines with intent to steal, and with removing ore
from the same premises with intent to defraud, under section 3234,
Mills' Ann. Stats., was properly consolidated for trial with an infor-
mation charging the same defendants in separate counts with lar-
ceny and receiving stolen goods knowing them to have been stolen,
where both informations and both counts in each information refer
to one and the same transaction and constitute but one offense.

2. PRACTICE IN CRIMINAL CASES—MOTION TO QUASH INFORMATION—
RECORD—BILL OF EXCEPTIONS.

A motion to quash the information in a criminal case is not a part of
the record unless made so by bill of exceptions, and such motion
cannot be considered on review unless it is properly preserved by
bill of exceptions.

3. SAME—VERIFICATION OF INFORMATION.

The failure to properly verify an information is not one which affects
its sufficiency.   The information is required to be verified as desig-
nated, but unless the objection on that ground is properly presented
in the trial court it is waived and cannot be raised in the appellate
court.

4. SAME.

A motion to quash an information must point out specifically the grounds
upon which it is based.   That the bill of exception states that a mo-
tion was made to quash the information, and that it was stipulated
that no preliminary examination was held touching the charges men-
tioned in the information, and that no affidavits were filed support-
ing them except as above referred to, presents no question as to the
insufficiency of the verification, since it does not appear that a mo-
tion to quash was made upon that ground.

5. SAME.

Whether or not an affidavit upon which an information is based com-
plies with the statute must be determined from the context of the
affidavit itself, and its statements cannot be attacked by extraneous
evidence.   The verification of an information cannot be attacked

on the ground that the testimony disclosed that the party who verified it did not have personal knowledge of the guilt of the defendant.

6. INSTRUCTIONS—RECORD—BILL OF EXCEPTIONS.

In criminal cases everything which is not a part of the record proper must be preserved by a bill of exceptions in order to be considered on review, and this includes the instructions given by the court and the exceptions thereto, as well as those asked and refused and the exception to the ruling of the court thereon.

7. PRACTICE IN CRIMINAL CASES—VERDICT.

Under an indictment charging in separate counts larceny and receiving stolen goods knowing them to have been stolen, a verdict in form, "We the jury find the defendant guilty as charged in the information, and we further find the value of the ore taken to be  *  *  *" is not a finding of guilty of both offenses although it does not specify the count, and is sufficient to support a conviction for larceny.

8. LARCENY—POSSESSION OF RECENTLY STOLEN PROPERTY.

Where defendants were found in possession of ore under circumstances clearly indicating that they did not come by it honestly, and they offered no explanation of how they came by it and the ore was identified as coming from the mine in which defendants were employed, the jury was justified in finding them guilty of larceny.

*Error to the District Court of San Miguel County.*

Mr. H. B. O'REILLEY, for plaintiffs in error.

Mr. D. M. CAMPBELL, attorney general, Mr. CALVIN E. REED, Mr. DAN B. CAREY, Mr. M. B. GERRY and Mr. H. M. HOGG, for the people.

MR. JUSTICE GABBERT delivered the opinion of the court.

By information filed in the court below, plaintiffs in error were jointly charged in two counts, (1) with breaking ore from certain mines with intent to steal; and (2) with removing ore from the same premises with intent to defraud. The information in this case was based upon the provisions of section 3234, 2 Mills' Ann. Stats., which in terms provides that if any employé shall break and sever, with intent to steal, or shall take, remove or conceal the ore from any mine with intent to defraud the owner of such mine, such offender

shall be deemed guilty of felony, and on conviction, shall be punished as for grand larceny. By a subsequent information, also filed in the trial court, they were jointly charged in separate counts, (1) with the larceny of $500 worth of ore; (2) with buying and receiving it from some unknown thief, knowing it to have been stolen. The counts in this information were respectively based upon the provisions of sections 1230, 3 Mills' Ann. Stats., and 1232, 1 Mills' Ann. Stats. The first of these sections defines larceny to be the felonious stealing of the personal goods or chattels of another. By the latter section it is declared that every person who, for his own gain, shall receive stolen property, or anything the stealing of which is declared to be larceny, knowing the same to have been so obtained, shall be punished the same as for larceny. For each of these offenses, the punishment prescribed is the same, and is measured by the value of the property stolen or received. The owner of the ore was alleged to be the same in each information, and the respective offenses were charged to have been committed at the same time and place. Over the objection of plaintiffs in error, these informations were consolidated, and the first question we shall determine, is, whether or not the court erred in this respect.

The law provides that counts in larceny, and for receiving stolen goods, may be joined in the same indictment. Sec. 1438, 1 Mills' Ann. Stats. The legislature has also enacted that all provisions of the law relative to proceedings upon indictment, shall, so near as may be, apply to informations, and to all prosecutions and proceedings thereon. Sec. 1432 e, 3 Mills' Ann. Stats.

It is also provided by the act relative to prosecutions of criminal offenses by information, that " different offenses and the different degrees of the same offense, may be joined in one information in all cases where the same might be joined by different counts in one indictment." Sec. 1432c, 3 Mills' Ann. Stats.

By section 1452, 1 Mills' Ann. Stats., it is provided that

" whenever there are * * * several charges against any person * * * for one or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments, the whole may be joined in one indictment in separate counts, and if two or more indictments are found in such cases, the court may order them consolidated." This is but a declaration of the common law on the subject of joinder of counts in one indictment, or the consolidation of indictments; and the only question necessary to determine, is, whether or not the case at bar falls within the provisions of the portion of the section above quoted. It is conceded that the subject-matter of the offenses in each of the counts of the respective indictments is the same; that is to say, the ore described in each count is identical. It also appears that the owner of the ore in each case is the same, and it is charged that each offense was committed at the same time and place. Different offenses are charged, but the conceded facts are such that plaintiffs in error could not be guilty of more than one. The different counts, therefore, are drawn with a view that one of them, upon the trial, may be found to meet the evidence, so that plaintiffs in error were not subjected to a trial upon four distinct charges, but for one only, which would be determined solely from the evidence submitted to the jury. This procedure was permissible at common law, and the statute, by employing the expression " which may properly be joined," refers to those cases in which such procedure may be adopted as one of the class which may be united in the same indictment in different counts, or if in separate indictments, may be consolidated. *White v. People*, 8 Colo. App. 289; *People v. Aikin*, 66 Mich. 460; *Cummins v. People*, 4 Colo. App. 71.

The punishment for each offense charged is identical; hence, they belong to the same class of crimes, and under the provisions of the law cited, might have been charged in one information, under separate counts; but not having been so presented, the court properly ordered the two informations

consolidated. In thus construing the portion of the section above quoted, we do not wish to be understood as holding that these informations might not properly be consolidated under other of its provisions.

Each of these informations was verified to the effect that the facts stated in the information are true, and that the offenses therein charged were committed to the personal knowledge of the affiant.

It is urged that this verification is insufficient, for three reasons: (1) That it could not take the place of the separate affidavit upon which the filing of an information by the district attorney can be based; (2) because it appears from the testimony of the affiant that he did not have personal knowledge of the facts stated in the information; and (3) that inasmuch as the plaintiffs in error were charged with different felonies, relating to the same transaction of such a character that they could not be guilty of more than one of the offenses charged, that therefore it is manifest the affiant did not possess the degree of knowledge which the law contemplates he should have.

The first and third objections may be considered together. In the bill of exceptions it appears that plaintiffs in error interposed a motion to quash the information, which was denied. It also appears from the same source, that it was agreed between counsel that the proofs with respect to this motion would show that plaintiffs in error had no preliminary examinations, on the charges set out in the respective counts, and that no affidavits supporting the informations were filed, except as above referred to. In what is returned to this court as a transcript of the record proper, appears what purports to be a motion to quash the informations in this case. A motion to quash is not a part of such record, and can only be preserved by a bill of exceptions (*Smith v. People*, 1 Colo. 121) and we are, therefore, precluded from considering any of the reasons assigned in the motion claimed to have been filed below, unless what appears in the bill of exceptions as to the action of the court on the motion to quash is sufficient to prop-

erly raise the questions presented by objections one and three. The failure to properly verify an information is not one which affects its sufficiency. It is required to be verified as designated by sections 1432*b* and 1432*h*, 3 Mills' Ann. Stats. These are provisions which are intended to and do comply with section 7, article 2 of our Bill of Rights, which, in substance, declares that no warrant to seize any person shall issue unless probable cause therefor is made to appear by oath or affirmation reduced to writing. This right, however, is one which may be waived, and unless properly presented below, cannot be raised in this court. *Taylor v. People*, 21 Colo. 426.

A motion to quash must point out specifically the grounds upon which it is based. That the bill of exceptions shows that a motion to quash the information was interposed, that the district attorney and counsel for plaintiffs in error agreed that no preliminary examination of the latter had been held, touching the charges mentioned in the information, and that no affidavits supporting them were filed, except as above referred to, presents no question relative to the insufficiency of the verification, for the reason that in the absence of a motion to quash we are unable to say that the facts stipulated were material, or that any specific ground was mentioned in the motion which was sufficient to sustain it.

In support of the second ground, attacking the sufficiency of the verifications of these informations, it is urged that inasmuch as the testimony disclosed that the party who verified them did not have personal knowledge of the guilt of the plaintiffs in error, therefore they were not properly verified. Whether or not an affidavit upon which an information is based complies with the statute must be determined from the context of the affidavit itself, and its statements cannot be attacked by extraneous evidence. *Holt v. People*, 23 Colo. 1.

The next point made by counsel for plaintiffs in error, is, that the instructions of the court were erroneous, and that the court erred in refusing to give those requested on their behalf.

The civil code has no application whatever to the practice in criminal cases. In the latter everything which is not a part of the record proper must be preserved by a bill of exceptions (*Smith v. People, supra*); this includes instructions given by the court and the exceptions thereto, as well as those refused, and the exception to the ruling of the court in this respect. This proposition has been so frequently decided by this court, that it is unnecessary to discuss it at this time. The latest declaration on the subject is *Packer v. People*, 26 Colo. 306, which cites the numerous authorities on this question.

The jury returned a verdict in the following form: " We, the jury in the above entitled cause, do find the defendants guilty as charged in information No. 329; and we further find the value of the ore taken to be $316.66." Cause No. 329 was the one in which plaintiffs in error were charged with larceny and receiving stolen goods. It is claimed that they were found guilty of both offenses. Their counsel contend that it is manifestly impossible that they could be guilty receivers of stolen property which they, themselves, had stolen, or, in other words, that they cannot be found guilty of offenses which cannot, by their very nature, coexist. If the verdict was susceptible of the construction contended for by counsel, it would raise a serious question. Verdicts are rendered by " lay people," not versed in the strict rules of pleading. Whatever language in the verdict conveys the clear intention of the jury to the common understanding, will suffice; it must also be construed as a whole, not in separate parts, and all fair intendments should be made to support it. 1 Bishop's New Crim. Procedure, § 1005a; *State v. Ryan*, 13 Minn. 670; *State v. Bowen*, 16 Kan. 475.

Tested by these rules, the verdict is clearly sufficient. The first part might indicate that the jury had found plaintiffs in error guilty of both offenses, but when that is considered in connection with the part immediately following, it is clear that they found them guilty of the offense of larceny only, and so meant and intended, when they stated " we fur-

ther find the value of the ore *taken* to be $316.66." The word "taken" must be understood to have been used in its ordinary English significance, and as employed in the verdict, clearly refers to the ore stolen. Had the jury intended to find the plaintiffs in error also guilty of the crime of receiving the ore, they would certainly have employed an appropriate word to express that intention, or if they had only intended to find them guilty of that offense, they would have employed language from which that conclusion could be deduced.

The final point made by counsel is, that the evidence is insufficient to support the verdict. To notice the testimony at any great length would serve no useful purpose. It appears therefrom that the plaintiffs in error were employed upon the property of the Smuggler Union Company, from which it is alleged the ore in question was stolen; that they were employed upon the particular mines producing ore of the character found in their possession; that this ore was identified as coming from the property of the company; that they were found with it in their possession at a time and place, under circumstances which fully indicated that they had not come by it honestly, and that they were acting in concert. They offered no testimony in their behalf, made no attempt to explain where the ore came from, or how they obtained possession of it. From these facts and circumstances, the jury found them guilty, and in our judgment, the evidence fully warrants their conclusion. *Roberts v. People*, 11 Colo. 213.

Finding no error in the record, the judgment of the district court is affirmed.

*Affirmed.*