[No. 4866.]

## TRASK v. THE PEOPLE.

**Practice in Criminal Cases—Larceny as Bailee—Informations— Evidence—Several Offenses in One Count.**

In a prosecution for larceny as bailee where the information charged in one count the bailment of several articles and the larceny of all of said articles as of one act, and the evidence showed that the several articles were delivered to defendant at different times under distinct and separate bailments for different purposes and that as many separate and distinct conversions with intent to steal were committed by defendant, it was error to deny a motion to quash said information made at the close of the evidence for the prosecution when it appeared from the evidence that several offenses had been charged in one count.

*Error to the District Court of El Paso County: Hon. Robert E. Lewis, Judge.*

Messrs. McALLISTER & GANDY, Mr. NORMAN M. CAMPBELL and Messrs. GODDARD & WARNER, for plaintiff in error.

Mr. N. C. MILLER, attorney general, and Mr. I. B. MELVILLE, assistant attorney general, for the people.

Mr. JUSTICE MAXWELL delivered the opinion of the court.

Plaintiff in error was convicted of larceny as bailee and sentenced to a term of not less than seven or more than eight years in the penitentiary.

The information upon which he was tried and convicted contained one count, and was as follows:

"Henry Trowbridge, district attorney within and for the fourth judicial district of the state of Colorado, in the county of El Paso, in the state aforesaid, in the name and by the authority of The People of the State of Colorado, informs the court that Harlan Trask, on the 5th day of April, A. D. 1903, at the said county of El Paso, being then and there the bailee of [here follows a description of certain household articles, clothes, including a white dress and black hat, a diamond ring and certain moneys, stating the value thereof], all of said property being then and there the personal property of one Mrs. A. L. Brown and having been theretofore delivered to him, the said Harlan Trask, by her, the said Mrs. A. L. Brown, did then and there fraudulently and feloniously steal, take and carry away and convert said property to his own use, with intent to steal the same, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the said The People of the State of Colorado."

Eighty-five assignments of error are presented, many of which are based upon exceptions reserved to the rulings of the court in the admission and rejection of evidence.

In the printed briefs and at the oral argument six propositions presented by counsel are relied upon

to reverse the judgment. This discussion will be limited to this one proposition presented by counsel: "III. Several offenses charged in one count."

With deference to eminent counsel representing plaintiff in error, we are constrained to state that a more accurate statement of their position as shown by their argument upon this proposition would be: That it appeared from the evidence at the trial that defendant was being tried for more than one separate and distinct crime. And upon this statement we will consider the record.

The information charged that plaintiff in error on April 5, 1903, being bailee of all the articles mentioned in the information, by one act did convert them, etc.

For the purposes of this discussion the articles described in the information will be divided into four classes: 1. Household articles and clothes. 2. A white dress and black hat. 3. A diamond ring. 4. Certain moneys.

The evidence of the prosecution was to the following general effect: That the household goods and clothes were delivered April 4, 1903, for safe-keeping; that the white dress and black hat were delivered about April 15, under a separate bailment, not for safe-keeping, but for delivery to one Wilbur; that the diamond ring was delivered about April 14, for the purpose of pawning and raising money for the use of the prosecuting witness; that certain moneys were delivered about April 20, for the purpose of safe-keeping and for the payment of the expenses of a trip of the prosecuting witness to Kansas City; all of the foregoing deliveries having been made to plaintiff in error by the prosecuting witness.

To the introduction of all testimony relating to the white dress and black hat, the diamond ring and

the certain moneys, counsel for plaintiff in error objected, assigning as grounds of objection that the same was incompetent and that it appeared that such testimony related to other, separate and distinct transactions.

At the close of the state's case, counsel for plaintiff in error moved to quash the information and for an instruction to the jury to return a verdict in favor of the defendant, upon the grounds that it appeared from the evidence that several distinct transactions had been embodied in the one count of the information, and that the information was bad for duplicity; that it appeared from the evidence that the defendant was now on trial for more than one violation of law, involving separate and distinct transactions. In this motion particular attention was called to the evidence relating to the white dress and black hat and the diamond ring.

At the close of all the testimony counsel for plaintiff in error requested an instruction to the jury to return a verdict of not guilty, also instructions to entirely disregard all testimony as to the certain moneys, the diamond ring, and the white dress and black hat, all of which requests were refused.

Throughout the trial counsel for plaintiff in error, even to the point of appearing contumacious, sought to protect his client, along the lines indicated, by objections to the testimony, by the motion to quash, the request for a verdict and by the requests for instructions, and at all times was met by adverse rulings of the court, to which rulings exceptions were duly preserved.

It is beyond question that the evidence objected to disclosed that there were several separate and distinct bailments for different purposes, and that as many separate and distinct conversions with intent to steal had been committed, and as conversion with

intent to steal is the gravamen of the crime of larceny as bailee, it is clear that plaintiff in error, upon an information charging one offense, under the rulings of the court was forced to stand trial for several separate and distinct offenses.

That the trial court finally became convinced of this fact is manifest from an instruction given to the jury wherein it was charged that in no event could the defendant be found guilty for failure to turn over to one Bernard certain household furniture; for failure to turn over to Wilbur the effects turned over by Mrs. Brown to plaintiff in error for that purpose, meaning thereby the white dress and black hat, or for failure to turn over the certain moneys.

In *White v. People,* 8 Colo. App. 289, the information consisted of three counts. The first charged defendant with larceny March 1, 1893, of two head of neat cattle the property of Emanuel C. Tolle; the second charged larceny by the defendant May 20, 1893, of eight head of neat cattle the property of Emanuel C. Tolle; the third charged larceny by the defendant July 3, 1893, of eight head of neat cattle the property of Emanuel C. Tolle. It appears from a statement in the opinion that the defendant was tried upon the second and third counts only, found guilty upon both counts, and the court adjudged a separate punishment upon each count. Judge Thomson said, at page 293: ''The authorities are practically unanimous that it is improper to include distinct offenses in the same indictment, and that either in the case of duplicity or of misjoinder of counts, if objection is made in apt time, the court will in the one case quash the indictment and in the other compel the prosecutor to elect on which count he will proceed; but that neither duplicity nor misjoinder is a ground for arrest of judgment [citing

authorities]. It may not appear upon the face of the
indictment whether the offenses charged are or are
not distinct. The same crime may be charged as hav-
ing been committed at different times; or. the lan-
guage of the indictment may be such that it appears
to charge separate offenses, but the several counts
may nevertheless relate to the same transaction, and it
may therefore be impossible to determine, before the
evidence is in, whether the prisoner is being prose-
cuted for one offense or for several unconnected of-
fenses, so that a motion before trial might properly
be disallowed; but whenever it does appear that dif-
ferent transactions are combined, the objection is in
order. * * * Now, the very fact of the prosecution
of a prisoner at one time for several different crimes
must have a tendency to prejudice the jury against
him. He is presented to them, not as charged with
the commission of one offense, but as a habitual crim-
inal, and so an impression may be produced upon
them unfavorable to him difficult to remove, and
which has a tendency to make his conviction easy.''

We are not in accord with that portion of the
opinion just quoted which announces that it is the
duty of the court to interpose for the protection of
the defendant without motion from him.

In the case in hand it is not necessary to take
such position, as counsel for plaintiff in error, at all
stages of the trial, by every possible means, except
possibly a motion to compel the state to elect, objected
to and moved the court to exclude and take from the
consideration of the jury the objectionable evidence,
the force and effect of which was to compel the prose-
cution to elect upon which offense it would proceed.

The following authorities support the doctrine
announced by Judge Thomson in the White case,
*supra: Heineman v. State,* 22 Tex. App. 44, 2 S.
W. 619; *State v. Weil,* 89 Ind. 286; *Joslyn v. State,*

128 Ind. 161, 27 N. E. 492; *Edelhoff v. State,* 5 Wyo. 19, 36 Pac. 627.

The following sections of the Criminal Code of this state warrant the statement that in view of the testimony allowed to be introduced on behalf of the state over the objection of plaintiff in error this proceeding was unauthorized:

"All offenses herein defined shall be prosecuted and punished as herein prescribed, and not otherwise."—1 Mills' Ann. Stats., sec. 1439.

"Whenever there are or shall be several charges against any person or persons for the same act or transaction, or for one or more acts or transactions connected together, or for one or more acts or transactions of the same class of crimes or offenses which may be properly joined, instead of having several indictments the whole may be joined in one indictment in separate counts, and if two or more indictments are found in such cases the court may order them consolidated."—1 Mills' Ann. Stats., sec. 1452.

If the actions or transactions covered by the information in this case were so connected together as to bring them within the provisions of the last above quoted section of the criminal code the same should have been charged in separate counts of the information.

If, on the other hand, they were separate, distinct and disconnected acts and transactions, they should have been charged in separate and distinct informations or indictments.

The attorney general practically concedes the correctness of the proposition contended for by plaintiff in error, but urges that proper objection was not made at the trial. We quote from his brief: "It is undoubtedly true that but one offense can be included in a single count, but in the case at bar such fact

could not be determined on the face of the information, nor at the time that the evidence was objected to by the defendant could the court determine which evidence should be received and which rejected, and as there was no motion made at any time requiring the prosecution to elect upon which of these charges it would rely, nor any motion made to take the evidence of other facts from the jury, counsel are not now in position to complain.''

If we understand the above, it seems to mean that one may be placed upon trial under an information similar to the one in this case, evidence introduced of a number of separate and distinct acts and transactions offenses under the law, and at the close of the testimony the court may, *sua sponte,* determine which one of the several separate and distinct crimes charged has, in its judgment, been proven, and by instruction submit that crime only to the determination of the jury. The mere statement of the proposition carries with it its own refutation.

*White v. People, supra,* is a complete answer to this contention.

Furthermore, the position of the attorney general is not supported by the record, for the reason that instructions to the jury were requested entirely eliminating from their consideration all testimony relating to the white dress and black hat, the diamond ring, and the certain moneys, the object and intent of which requests was to take from the jury all evidence relating to the separate and distinct offenses.

All of these requests were refused.

*Mitchell v. The People,* 24 Colo. 532, is cited by the attorney general in support of his position, and this quotation made therefrom: ''The evidence of different acts was not objected to, nor was any motion made requiring the prosecution to elect upon which of them it would rely for conviction. Counsel are

not in a position to now complain that an actual election was not made, and that testimony as to more than one offense was permitted to go to the jury.''

In the case under consideration the evidence of different acts, transactions and offenses was objected to at the time of its introduction. At the close of the state's case motion to quash the information was interposed upon the ground that the evidence disclosed that several distinct transactions had been embodied in one count of the information and furthermore at the close of all the testimony requests were made for instructions to the jury to disregard all objectionable testimony for any purpose whatever, all of which were ruled against plaintiff in error, so that upon the record here presented the case cited is not in point.

There is nothing in this opinion contrary to the rule that mere nondirection by the court is not ground for a reversal unless specific instructions good in point of law are requested and refused, announced by this court in *Brown v. People,* 20 Colo. 161, and approved in *Mow v. People,* 31 Colo. 351.

The fundamental error committed by the court was the adverse ruling upon the motion to quash the information interposed at the close of the state's case, at which time it appeared from the evidence that several offenses had been charged in one count.

It is also urged by the attorney general that as soon as the fact that testimony as to more than one separate offense had been admitted the court of its own motion instructed the jury in that regard as follows: ''Instruction No. 4. In no event can the defendant be found guilty in this case for failure on his part to deliver the furniture in the house to George Bernard, nor for failure to deliver any of the effects turned over to him by Mrs. Brown to the witness Wilbur, nor for failure, if any, to account to

and turn over to Mrs. Brown any moneys at Kansas City; but these transactions may be considered by you for the purpose of explaining and throwing light on the inquiry as to what was the intent of the defendant in retaining the personal property mentioned in instruction No. 1, or so much thereof as may be retained, and to aid you in deciding whether or not the defendant feloniously converted said property to his own use, with intent to steal the same."

It is needless to say that this instruction was not given to the jury until the close of the testimony.

In none of the rulings upon the objections to the introduction of testimony as to separate and distinct offenses was it intimated that such testimony was admitted solely for the purpose of proving the intent of plaintiff in error.

It is said that the character of evidence objected to is within the rule announced by this court in *Housh v. People,* 24 Colo. 262, 264, and *Chipman v. People,* 24 Colo. 520, 522.

The rule announced in the cases cited relates to evidence of an entirely different character from the evidence admitted in the case under consideration, in that the evidence there admitted was of offenses *other than the one complained of.*

The evidence here objected to was not of an offense *other than the one charged,* but was of *substantive offenses* of which defendant was charged by the information, and for which he was then and there on trial.

That the errors complained of were highly prejudicial to the plaintiff in error cannot admit of doubt, for which reason the judgment must be reversed.

Decision *en banc.*                                    *Reversed.*

Mr. Justice Steele dissents.

Mr. Justice Campbell and Mr. Justice Goddard not sitting.