[No. 5895.]

WARFORD ET AL. v. THE PEOPLE.

1. **Practice in Criminal Cases—Informations and Indictments— Election Between Acts—Motion—Time.**

In an action for assault with intent to kill, there was evidence of two separate and distinct assaults on the same day, but at different places, the information charging only a single offense and specifying the place only as within the county, and the defense moved, before the commencement of trial, to compel the state to elect for which of the two assaults they should be tried. Held, that such motion was premature, and not available until the evidence had developed that the prosecution was attempting to establish a state of facts tending to prove two substantive offenses of the character charged.—P. 109.

2. **Practice in Criminal Cases—Evidence—Other Offenses.**

Although the general rule is, that evidence which shows or tends to show that accused has committed a crime wholly independent of the offense for which he is on trial, still it is proper to introduce evidence to prove defendant's intent or motive in committing the crime charged, although such evidence may show the commission of similar and independent crimes by him; or, in effect, where the facts and circumstances offered in evidence amount to proof of a crime other than that charged, and there is ground to believe that the crime charged grew out of it, or was caused by it, such facts and circumstances may be admitted to show the quo animo of the accused.—P. 112.

3. **Same.**

Defendants, W. and K., went to the sheriff's office and demanded the return of certain revolvers, to which the sheriff agreed, and left the office, whereupon the sheriff noticed that K. had a revolver upon his person, which he took from him, and placed him under arrest for carrying concealed weapons. Later W., ascertaining that K. had been arrested, informed the sheriff that K. had another revolver on his person, but when the sheriff demanded this, both drew their revolvers and threatened to

kill the sheriff, who then allowed them to make their escape, whereupon a posse was organized, and within less than an hour overtook defendants and ordered them to halt, when the latter opened fire on them. Held, in a prosecution for assault with intent to murder, arising out of the latter event, that evidence of the former assault, though not part of the res gestae, was admissible to show motive and intent.—P. 113.

4. **Appellate Practice—Practice in Criminal Cases—Objections Below.**

In a prosecution for assault with intent to murder, the evidence tended to show the commission of two offenses, and defendants moved to require the district attorney to elect on which he would rely for a conviction, but made no motion that he be required to elect the assault first proved by him. Held, that defendants cannot urge on appeal that the state elected to rely on the first assault for a conviction.—P. 115.

5. **Homicide—Assault with Intent to Murder—Defense—Weapon Used.**

Where defendants, at the time they shot at a sheriff's posse, used revolvers which would carry the distance with fatal result, it is no objection to a conviction for assault with intent to murder the sheriff that the revolvers at such distance would not shoot accurately.—P. 116.

6. **Practice in Criminal Cases — Instructions Construed Together.**

In a prosecution for assault with intent to murder, an instruction is not erroneous because omitting the element of defendant's ability to carry their intention into effect at the time, where such element was specifically called to the jury's attention by a subsequent instruction, as the instructions must be considered as a whole.—P. 117.

7. **Practice in Criminal Cases—Venue.**

It is not indispensable that the venue be proved in a criminal case by positive testimony, but it may be inferred from the proof of other facts.—P. 117.

*Error to the District Court of Teller County.*
*Hon. William P. Seeds, Judge.*

James Warford and Walter Kenly were convicted of assault with intent to murder, and they bring error.                    *Affirmed.*

Mr. FRANK J. HANGS, for plaintiffs in error.

Mr. WILLIAM H. DICKSON, attorney general, and Mr. GEORGE D. TALBOT, assistant attorney general, for the people.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Plaintiffs in error, defendants below, were convicted of assault with intent to murder, and sentenced accordingly. They bring the case here for review on error.

The assault charged was upon one Edward Bell, then sheriff of Teller county. There was evidence to the effect that both of the defendants, in the city of Cripple Creek, assaulted Bell by pointing their revolvers at, and threatening to shoot, him. Shortly after, defendants left the city and started south along the railroad track. The sheriff, with a posse, started out to capture them, and about half or three-quarters of an hour after the first assault, overtook and ordered them to halt. They replied by firing several shots at the sheriff and his posse.

The information contained but one count, charging but one offense. The theory of defendants in error was, that there were two separate offenses, and, prior to the commencement of the trial, they filed a motion, requiring the district attorney to elect upon which he intended to try them. The information did not charge the place of the assault other than that it was in the county of Teller and state of Colorado. The motion was denied. This ruling was not erroneous. The motion was premature. The information charged but one offense, and a motion requiring the people to elect on which of several offenses, which might constitute the one charge, the conviction of the accused would be asked, could not be entertained until the testimony disclosed that the prosecution was attempting to establish a state of facts tending to

prove the commission of two or more substantive of-
fenses of the character charged in order to convict
the accused of the one charged in the information.

The prosecution first introduced testimony to
prove the assault committed in the city of Cripple
Creek. Evidence was then offered to prove the as-
sault which occurred about a half or three-quarters
of an hour later, and at a point about one mile south
of the city, when the sheriff and his posse were at-
tempting to arrest the defendants. Objection was
made to this testimony upon the ground that it was
not a part of the *res gestae* of what occurred in the
city of Cripple Creek, and request made that the time
and place of the assault charged be fixed by the
prosecution. This objection was overruled and the
request denied. Testimony was then received on the
part of the prosecution, to establish the assault south
of the city. Defendants, by their counsel, then
moved to strike this testimony, for the reason that
what occurred in Cripple Creek was not part of the
*res gestae* of what occurred on the railroad track
south of the city, and what occurred at the latter
point was not a part of the *res gestae* of the assault
in the city. This motion was denied. Defendants,
by their counsel, then moved that the district attor-
ney be required to elect at which of the two points the
assault charged was committed. This motion was
denied. At the conclusion of the testimony on behalf
of the people, counsel for the defendants again moved
to require the district attorney to elect upon what
state of facts, or at what point, the alleged assault
occurred upon which he would rely for a conviction.
The court stated that, in his opinion, the testimony
showed two separate assaults, and required the dis-
trict attorney to elect. The prosecution thereupon
elected to rely upon the facts tending to prove the

assault which occurred south of the city.  It was for this assault that the defendants were convicted.

In order to determine whether or not the several rulings above noticed were correct, it is necessary to further notice the testimony.  From the testimony introduced on the part of the people, it appears that, on the morning of the assault, the defendants went to the office of the sheriff, in Cripple Creek, and demanded that he return to them certain revolvers which they claimed he had in his possession belonging to them.  The sheriff replied (evidently addressing the defendant, Warford): "All right, Jim; I will go up and get them for you."  Warford then stepped out, Kenly remaining in the office.  The sheriff noticed that Kenly had a revolver upon his person, which he took from him, and placed him under arrest for carrying concealed weapons, and directed a deputy to take him to jail, which the latter proceeded to do.  Shortly after, Warford returned, and, ascertaining that Kenly had been arrested and a revolver taken from him, and that he was on his way to jail, informed the sheriff that Kenly had another revolver on his person.  The sheriff and Warford then started to the jail to get. Warford's revolvers.  On their way up, they came across the deputy who had Kenly in charge.  The sheriff said to Kenly: "Give me that other gun you've got." Kenly at once drew his revolver and pressed it against the sheriff's stomach.  At the same time Warford pulled his, and said to the sheriff: "Don't make a damn fool of yourself, or you will get killed." The sheriff and his deputy, realizing that they were at the mercy of the defendants, then said to them, that if they wanted their firearms they would have to come to the jail and get them.  All parties then proceeded to the jail.  When they reached that building, the defendants told the sheriff and his deputy

to go inside and set their firearms outside the door. When the officers were inside the jail, the defendants disappeared and started south. The sheriff at once called a posse, and started in pursuit. When the defendants were overtaken and ordered to halt, they opened fire on the sheriff and his posse. Several shots were exchanged, which resulted in defendant, Warford, being wounded in the leg, but not seriously. The defendants finally surrendered, and were taken into custody.

The general rule is, that evidence is not admissible which shows, or tends to show, that the accused has committed a crime wholly independent of the offense for which he is on trial. The reason for the rule is, that no person shall be convicted of an offense by proving that he is guilty of another. Evidence of such character creates a prejudice in the minds of the jury against the accused, and the rule should, therefore, be strictly enforced in all cases where applicable. To this general rule, however, there are exceptions. It is always proper to show the motive which may have prompted the accused to commit the crime for which he is being tried, and the intent with which he committed the acts which it is claimed constitute that crime; and evidence which tends to prove either of these facts is relevant to establish the commission of the crime for which he is on trial, even though such evidence, for the purpose indicated, may tend to show the commission of similar and independent crimes by him.—Underhill on Criminal Evidence, §§ 89-90; *United States v. Snyder,* 14 Fed. 554; *Gassenheimer v. The State,* 52 Ala. 313.

Or as, in effect, stated by some authorities, that where the facts and circumstances offered in evidence amount to proof of a crime other than that charged, and there is ground to believe that the crime

charged grew out of it, or was caused by it, such facts and circumstances may be admitted to show the *quo animo* of the accused.—*Commonwealth v. Ferrigan,* 44 Pa. St. 386.

Evidently, according to the testimony on the part of the people, the motive of the accused in assaulting the sheriff in the city of Cripple Creek was to effect the rescue of the defendant Kenly. They succeeded in compelling the sheriff and his deputy to release Kenly, and immediately started to leave the city. Within about three-quarters of an hour, and at a distance of something like a mile from the place where the first assault occurred, they were overtaken by the sheriff and his posse. At first they refused to surrender, and fired upon the officers. It was proper to show this action upon their part in resisting arrest, as tending to prove the motive which prompted them to make the first assault, and the intent with which that assault was committed, because this action would indicate a purpose upon their part to prevent the sheriff from retaking his former prisoner. Likewise, it was proper to show what occurred in the city for the purpose of showing a motive for, and the intent with which the assault was made on the railroad grade. Conceding, then, that there were two assaults, and that proof of one was not part of the *res gestae* of the other, evidence tending to establish each was competent for the purpose of proving a motive which actuated the defendants in making such assaults, and the intent with which they were made. As a general rule, although evidence may not be admissible for the particular purpose assigned in an objection to its introduction, yet if admissible for some other purpose, its reception does not constitute reversible error, when it appears, as it does in this case, that the party in whose behalf the objection was made was not prejudiced thereby.

It may be said that the court, in receiving the testimony, should have limited it at the time it was given to the purpose which we have indicated.    Generally speaking, we think this course should be pursued by trial courts; but these assaults were closely connected in point of time, and according to the theory of the prosecution, were the result of a common purpose on the part of the defendants, so that, as we have said, proof of one was clearly competent to prove the motive for, and the intent with which the other was committed.    It is evident, therefore, that although the safer rule is that evidence tending to prove an offense other than the one for which the accused is being tried should be limited at the time of its introduction to the specific purpose for which it is received, yet when the trial court, by instructions to the jury (as it did in this case) advises that the only purpose for which the evidence of the assault in the city could be considered in determining the guilt of the accused of the assault which occurred on the railroad grade was in determining the question of the motive or intent on the part of the defendants in making such assault, that the defendants were not prejudiced, either by the failure of the court to limit the purpose of the testimony when it was received or to require the prosecution to elect at an earlier stage of the trial upon which assault they would rely for conviction.

*White v. People,* 8 Colo. App. 289, and *Trask v. People,* 35 Colo. 83, do not support the contention of counsel for defendants on the proposition under consideration.    In the *White case* the information contained two counts.    On the trial it developed that they were for distinct and different felonies, which could not be joined in the same information, and it was held that a conviction on both counts in such circumstances and the peculiar circumstances of that

case, was erroneous. In the *Trask case* there was one count for larceny as bailee. The count specified several different articles of personal property. It developed at the trial that these articles were the subject of distinct transactions, and that, therefore, a motion to quash should have been sustained, because several offenses had been charged in one count. In the case at bar there is but one count and one offense charged, and a conviction for but one assault. This assault was prompted by the first, and hence, testimony of the commission of the latter was admissible for the purpose we have indicated.

It is also urged on behalf of plaintiffs in error that the court erred in permitting the state to elect to prosecute for the assault committed on the sheriff when he was attempting to arrest them on the railroad grade. The reason assigned for this contention is, that inasmuch as the information contained but one count, and that proof of either assault was competent, yet the state having elected to first introduce evidence of the assault committed in the city of Cripple Creek, made that the offense charged. The record will not permit the defendants to raise this question. They moved to require the district attorney to elect upon which one of the two assaults he would rely for conviction. He elected to rely upon the second. If defendants desired to limit the case to the one established by the evidence of the assault in Cripple Creek because testimony regarding that was first introduced, they should have made their motion accordingly. By making the motion they did, they waived their right to urge the proposition now presented. They will not be heard to say, after having made a motion requiring the district attorney to elect upon which of the two assaults he would rely for a conviction, that he erred as a matter of law in selecting the one he did.

It appears that when the defendants began shooting at the sheriff and his posse they were about a hundred and fifty yards distant. It is now urged on behalf of defendants that where a shot is fired in the direction of a crowd, and a charge made with intent to kill some particular person, no one being wounded, that from these circumstances alone no intent can be inferred that the shooting into the crowd was with intent to take the life of any particular individual. If this be the law, then one may discharge a firearm towards and into a crowd with impunity, provided his aim is not sufficiently accurate, or he is so fortunate as not to wound any one. However, it is not necessary to determine the question, because there is testimony to the effect that the shots fired by the defendants were aimed at the sheriff.

In this connection it is also urged that because there was testimony to the effect that the revolvers which defendants used in shooting at the sheriff would not shoot accurately over seventy-five or eighty yards, therefore they could not be guilty of the offense charged because they could not accomplish their purpose with the firearms they used. We do not think there is any merit in this contention. The firearms of the defendants would carry the distance between them and the sheriff at the time the shooting occurred; and, although they might not carry as accurately at that distance as they would at seventy-five or eighty yards, yet the bullets discharged therefrom would strike with fatal result at the distance the sheriff was from the defendants when the shooting occurred. They would have had the ability in a greater decree to have carried their purpose in shooting into effect had they been nearer, but intent may be inferred from such facts in evidence as would be sufficient in law to justify the jury

in finding its existence.—*Roberts v. People,* 19 Mich. 401.

It is also argued on behalf of defendants that an instruction to the effect that the jury could find the defendants guilty if they believed from the evidence, beyond a reasonable doubt, that the defendants fired at the sheriff with the intent, willfully and with malice aforethought, to kill and murder him, was erroneous, for the reason that in order to justify a verdict of guilty it was further necessary to prove that the defendants had the present ability to carry their intention into effect. By a subsequent instruction this identical question was called to the attention of the jury. Instructions must be considered as a whole. It would be practically impossible to embody all the law applicable to a case in one single instruction, and, if taken together, they correctly state the law, that is all that is required.

For this reason an objection urged to another instruction is without merit.

It is also claimed that there was no proof that the crime charged was committed in Teller county, in the state of Colorado. Counsel are mistaken with respect to this claim, for we find, on examining the transcript, at folio 155, the venue was positively established. In addition to this testimony it was established by proof of other facts. It is not indispensable that the venue be proved in a criminal case by positive testimony. It may be inferred from the proof of other facts.—*Brook v. The People,* 23 Colo. 375.

There are other errors assigned which we think are so clearly without merit that they will not be considered in detail.

The record discloses no prejudicial error, and the judgment of the district court will be affirmed.

*Affirmed.*

Mr. JUSTICE CAMPBELL and Mr. JUSTICE MAXWELL concur.