No. 13,856.

HUMMEL *v.* THE PEOPLE.
(52 P. [2d] 669)

Decided December 16, 1935.

Mr. L. C. KINIKIN, for plaintiff in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. WALTER F. SCHERER, Assistant, Mr. EARLE BRYANT, for the people.

*In Department.*

MR. CHIEF JUSTICE BUTLER delivered the opinion of the court.

NELLIE C. Hummel was convicted of petit larceny on each of six counts in an information, and was fined $20 for one offense and $5 for each of the others, and was ordered committed until payment of the fines and costs. She is here seeking a reversal of the judgment.

The defendant was charged in the first count with the larceny on or about June 11, 1935, of property belonging to Charles J. Moynihan; in the second count, with the larceny on or about June 9, 1935, of property belonging to A. B. Pinkstaff; in the third count, with the larceny on or about June 6, 1935, of property belonging to Maybelle Salisbury; in the fourth count, with the larceny on or about January 1, 1935, of property belonging to Christine A. Diemer; in the fifth count, with the larceny on or about January 1, 1935, of property belonging to E. Marie Knous; and in the sixth count, with the larceny on or about June 6, 1935, of property belonging to Lydia McNabney.

 The defendant filed a motion to quash the information on the ground that it was bad for duplicity in that it charged six separate and unrelated offenses. Thereupon the deputy district attorney stated that "the evidence would show a series of transactions on the part of the defendant, all connected." Upon this assurance being given, the court denied the motion, and the defendant saved an exception. The defendant then moved for an order requiring the people to elect upon which charge it would rely. The motion was denied, and the defendant saved an exception. The trial then proceeded. The evidence disclosed that the alleged offenses were committed, if at all, on separate dates at different places and were wholly disconnected.

Throughout the trial, and in every conceivable way, the defendant renewed her objections, and they were overruled, the defendant saving her exceptions.

The information should have been quashed, and in failing to so dispose of the case, the court committed reversible error. *Trask v. People,* 35 Colo. 83, 83 Pac. 1010; *Trozzo v. People,* 51 Colo. 323, 117 Pac. 150; *Harris v. People,* 55 Colo. 407, 135 Pac. 785; *Wood v. People,* 60 Colo. 211, 151 Pac. 941; *Short v. People,* 27 Colo. 175, 60 Pac. 350; *Cummins v. People,* 4 Colo. App. 71, 34 Pac. 734; *White v. People,* 8 Colo. App. 289, 45 Pac. 539.

The suggestion by counsel for the people that the error was not prejudicial to the defendant is without force. In *Trask v. People, supra,* we quoted with approval the following statement in the opinion in *White v. People, supra:*

"Now, the very fact of the prosecution of a prisoner at one time for several different crimes must have a tendency to prejudice the jury against him. He is presented to them, not as charged with the commission of one offense, but as a habitual criminal, and so an impression may be produced upon them unfavorable to him difficult to remove, and which has a tendency to make his conviction easy."

The judgment is reversed, and the cause is remanded to the county court with the direction to quash the information.

MR. JUSTICE HILLIARD and MR. JUSTICE HOLLAND concur.